[No. 1107, June 29, 1906.]

ALEJANDRO SANDOVAL, Appellant, v. BOARD OF COUNTY COMMISSIONERS, Bernalillo County, Appellee.

### SYLLABUS.

The county assessors of the various counties, since the enactment and taking effect of Chapter 108, Session Laws of 1901, are not entitled to a commission upon gaming and liquor licenses collected in their respective counties.

Appeal from the district court of Bernalillo county, before Ira A. Abbott, Associate Justice. Affirmed.

E. W. Dobson, for appellant.

REPEALS BY IMPLICATION ARE NOT FAVORED.

Implied repeals are not favored. The implication must be necessary. There must be a positive repugnancy between the provisions of the new laws and those of the old.

Wood v. The United States, 16 Pet. 342; Davies v. Fairbairn, 3 How. 636; United States v. Tynen, 11 Wall. 88; State v. Stoll, 17 Wall. 425; Thorpe v. Adams, L. R. 6 C. P. 135; Fizgerald v. Champneys, 30 L. J. N. S. Eq. 782.

I have assumed it to be the law that a later act would not be held to qualify or repeal a prior one, unless there were a positive repugnancy between the provisions of the new law and the old, and even then the prior law is only repealed to the extent of such repugnancy.

This was the declared doctrine of this court in

Wood v. United States, 16 Pet. 342; In McCool v. Smith, 1 Black, 459; In Daviess v. Fairbairn, 3 How. 636; In Cope v. Cope, 137 U. S. 682; In Furman v. Nichol, 8 Wall. 44; In Ex Parte Yerger, 8 Wall. 85; In United States v. Sixty-seven Packages, 17 How. 85, and in Red Rock v. Henry, 106 U. S. 596; Fiske v. Henrie, 35 Fed. 232; Bernardino v. Northall, 77 Fed. 849; Black, Interpretation of Law, Sections 130, 131, 132.

INTENT OF LEGISLATURE.

McCool v. Smith, 1 Black 459; U. S. v. Walker, 22 How. 299; City of Galena v. Amy, 5 Wall. 705; Henderson's Tobacco, 11 Wall. 652; Arthur v. Homer, 96 U. S. 137; Chew Heong v. U. S. 112 U. S. 536, 5 Supt. Ct. 255.

Where there is a difference in the whole perview of two statutes apparently relating to the same subject the former is not repealed.

Sutherland on Statutory Construction, 138; Black, Interpretation of Laws. Section 53.

As to whether the word "fees" includes percentage or commission on amounts of money.

Courts differ. It has been held:

Smith v. Dunn, 68 Cal. 54

The word "fees" in its popular and common accep-

Sandoval v. County Commissioners.

tation, includes the commissions, estimated by a percentage, allowed by law on sums of money received or collected.

> Philadelphia v. Martin, 125 Pa. St. 591, 17 Atl. Rep. 507; Austin v. John, 62 Tex. 182.

For the varying senses for which the word fees has been used in different statutes, see

> 12 Am. & Eng. Enc. of Lew, 889-890-891, Note; U. S. v. Walker, 22 How. 299; 16 L. 382; U. S. v. Lawson, 101 U. S. 164, 25 L. 860; U. S. v. Elsworth, 101 U. S. 170, 25 L. 862; Pillsburg v. Brown, 45 Cal. 46.

"The intention to repeal, however, will not be presumed, nor the effect of repeal admitted, unless the inconsistency is unavoidable, and only to the extent of the repugnance."

> 1 Lewis' Sutherland Stat. Con. p. 464.

I also desire to call the court's attention to the fact that where a statute providing compensation for an officer is capable of two constructions it must be construed liberally in favor of compensating the officer who has rendered the services. It should never be presumed that the state expects or provides by statute that its officers are to render services gratuitously.

> U. S. v. Morse, Fed. Cases No. 15820, Vol. 27 p. 2, and cases there cited; McKinstry v. United States, 40 Fed. 818.

F. W. CLANCY, for appellee.

This case raises the single question of the right of a county assessor to have four per cent upon amounts collected by the sheriff upon gaming and liquor licenses after the passage of the statute of March 21, 1901.

It is believed that counsel for appellant has set out in his brief all of the statutory provisions relating to the compensation of assessors, so that it will not be necessary again to quote them here.

> Morris v. Crocker, 13 How. 438; Murdock v. Memphis, 20 Wall. 617; King v. Cornell, 106 U. S. 396; Tracy v. Tuffly, 134 U. S.

223; Fisk v. Henarie, 142 U. S. 467-8; District v. Hutton, 143 U. S. 125-6.

A valid assessment, complete and regular in all details, is an essential prerequisite to the imposition of a valid tax and to the right to collect such tax.

27 A. & E. Ency. 658,660.

The law imposes the taxes, and every person engaged in any business for which a license is required, can be compelled by judicial process to pay the amount of the license fixed by the statute without regard to anything which the assessor or any other officer may or may not have done in the way of an assessment.

U. S. v. Erie R. Co. 107 U. S. 2.

### STATEMENT OF FACTS.

Alejandro Sandoval, then assessor of Bernalillo county, New Mexico, presented two bills to the board of county commissioners of said county for $1,051.00 and $1,299.00, respectively, such sums being four per cent of the amounts collected in said county as gaming and liquor licenses for the years 1902 and 1901, respectively, claimed by him as commissions as such assessor. The bills were disallowed by the board and Sandoval appealed to the district court of said county, where the matter was tried upon the following stipulation of facts appearing in the record.

### STIPULATION.

"It is stipulated and agreed by and between the counsel for the respective parties in the above case that said cause in the district court was tried upon the following statement of facts which was and is admitted to be correct by the respective parties:

"1. That the plaintiff Alejandro Sandoval, was duly elected and acting assessor of the county of Bernalillo during the years 1901 and 1902.

"2. That said plaintiff, as assessor of said Bernalillo county, during the years 1901 and 1902, performed all the duties required to be performed by him under the law, relative to the assessment, of the amount of taxes required to be paid for liquor licenses and gaming tables.

Sandoval v. County Commissioners.

"3.   That said plaintiff, as such assessor, during the
years 1901, and 1902, did not receive the four per cent
commission claimed by him and for which amount he
rendered his account to the board of county commission-
ers of Bernalillo county, which said account was by the
board rejected and disallowed and from which rejection
and disallowance an appeal was taken to the district
court.

"4.   That the question involved was as to the right
of said assessor to receive four per cent commission upon
all licenses assessed by him and collected; and was a
question of law and said cause was submitted to the court
upon said proposition of law.

"E. W. DOBSON,
"Attorney for Plaintiff."
"FRANK W. CLANCY,

"District Attorney and Attorney for Defendant."

Upon the submission of the same to the district court
of Bernalillo county, said court affirmed the action of
the board of county commissioners and rendered judg-
ment in their favor, from which judgment appellant ap-
peals to this court.

## OPINION OF THE COURT.

MANN, J.—The question of law raised in the case
involves the construction of the statutes relative to the
compensation of county assessor with reference to liquor
and gaming licenses collected within their respective
counties, concerning which much confusion has arisen
in the various counties of the Territory, and in discuss-
ing the same it is necessary to inquire into the method of
compensating assessors in vogue here and their duties
concerning such licenses, in order to arrive at the intent
of the legislature.

It appears from the legislation on the subject that
it is the established policy to pay our assessors upon a
basis of a percentage of the taxes actually collected on
their assessments, a policy pursued, no doubt, upon
the theory that such a system would tend to make the
assessors more active in obtaining correct assessments and
less neglectful in allowing property subject to taxation

to escape it, thus making their compensation reliant, solely. upon the vigilance with which his official duties are performed.

Section 1794, C. L. 1897, provided that "the assessors shall be paid four per cent of all taxes and licenses collected under their assessment in their respective counties, which per cent shall be payable to said assessors by the treasurer to whom said taxes and licenses are by law payable, out of any such taxes and licenses as paid in to said treasurers, and said per cent shall be due and payable to said assessors by said treasurers respectively, upon receipt by such treasurers of sufficient funds for that purpose from said taxes and licenses."

This section appears as Section 2, Chapter 34, Session Laws 1895, and was approved and became effective February 28th, 1895.

At the time this law was enacted, the duties of the assessor with relation to gaming and liquor licenses were as set out in Section 4155 of the C. L. of 1897, he was required to make out a list of all persons liable to pay licenses in his county, showing the names and residences of such persons, character and place of business, date of commencement, and duration thereof and amount due, This list was to be made up from the applications made for licenses or from any other information he might obtain and was to be verified by him and returned to the county clerk in triplicate. Upon this list was endorsed an order for collection under the seal of the county and the list was delivered to the collector and became his authority to collect the license tax. It will be seen that this duty, when performed, was very much in the nature of an assessment, and upon the accuracy and correctness of this list depended largely the amount of revenue to be derived from that source, so that his compensation in that regard, as in the regular assessment of property for general taxation, depended upon his own vigilance and effort. If perchance, he neglected to include persons in his list he suffered the consequence in the loss of his commission.

The legislature of 1897, passed an act, which became law January 1st, 1899, changing the compensation

of county assessors, Sec. 8, of Chap. 60, S. L. of 1897, provided:

"The county assessors of the several counties of this Territory shall be allowed for their services, two per cent upon all money collected upon assessments made by them, and no more under any circumstances whatever to be paid out of moneys collected on their assessment."

This act being wholly repugnant and irreconcilable with Sec. 1794, or at least so much of that section as provided for a commission of four per cent on the assessments made and collected, that that portion of Sec. 1794, was repealed by implication under the well known rule that a later statute, wholly repugnant and irreconcilable with a former statute, repeals it by implication.

The legislature of 1899 amended the latter act by enacting Sec. 2 of Chap. 25, Session Laws of 1899, which reads as follows: "That Sec. 8 of Chap. 60, Session Laws of 1897, be and the same is hereby amended to read as follows: The county assessor of the several counties of this Territory shall be allowed for their services, four per cent upon all monies collected upon assessments made by them and no more under any circumstances whatever, to be paid out of monies collected on the assessments." And this section, in connection with such portion of Sec. 1794, C. L., as is not repealed (as to when and in what manner it shall be paid) is the law today regarding the general compensation of county assessors.

It will be observed that the two last acts do not use the terms "Taxes and licenses collected under their assessments," but "all monies collected upon assessments made by them." However, we attach no particular significance to that fact as our inquiry only extends to the period subsequent to the act of 1901.

The legislature of 1901, however, passed two acts with reference to license, which in our opinion changes the whole system of gaming and liquor licenses so far as the duties of the assessors are concerned. By Chapter 19, Section 1, the sheriff is made an inspector and inquirer into the question of whether or not persons engaged in selling liquors or running gaming tables and ap-

paratus are paying their licenses, and to report to the commissioners under oath all the information required on the subject, and to collect the licenses when given into his hands. He is not to collect upon any certified list made by the assessor and endorsed by an order of the board under seal, but upon the licenses themselves Chap. 108, by Sec. 5 amends Sec. 4155, so that the list made by the assessor is no longer the authority for the collection of the tax but it is merely a list kept by him and from which he is required to notify the parties that they must pay licenses, and with a provision that he shall notify the district attorney in case of default, etc. Thus it will be seen that these two acts, passed by the same legislature, completely change the duties of the assessor; that no longer is his certified list the *basis of tax* to be collected and therefore the list, at least, cannot be said to be in any sense an assessment. The amount of taxes to be raised by liquor and gaming licenses does not depend upon his diligence or efficiency, but upon the diligence of the sheriff.

But Sec. 6 of the same act (Chap. 108, Laws of 1901) prescribes the duty of the assessor as to gaming and liquor licenses and, while it uses the word "assess" it cannot be said that the act which the assessor performs is an assessment in any sense of the word, he merely receives the application, indorses upon it the amount of the tax to be paid, which is already assessed and fixed by law, and which he cannot change or vary, and reports it to the clerk, a mere clerical act and for which the same law gives him a fee of 50 cents for each license to be paid by the applicant.

We do not think the question of the repeal of Sec 2, Chap. 25, Laws of 1899, by implication, substitution or otherwise is involved here; it is a question rather of the repeal of those statutes which really require something of the assessor which could be construed into such an assessment as that law contemplates. It is evident that when the legislature provided for compensating the assessor by giving him a commission on the taxes and licenses, or upon all monies, as the case may be, collect d upon his assessment, that it meant to pay him for sor e

duty which he had performed and upon which these taxes were based; it certainly could not have been otherwise, else why should he be paid upon a basis of the amount actually collected and not upon the gross amount of taxes shown by the treasurer's books to be collected? The legislature must be credited with a knowledge of the general and settled policy of paying assessors and when it changed the system of arriving at the amount to be ascertained, as to gaming and liquor licenses and left him only a clerical duty to be performed for which it provided a fee of 50 cents to be paid by the applicant its intention seems clear.

Sec. 5, Chap. 108, Laws of 1901, effectually repealed Sec. 4155, or all that portion hereof not re-enacted by the amendment by amending it "so as to read" etc.

A statute amending a section "so as to read, etc." repeals all that is contained in the section not re-enacted. 26 Am. & Eng. Ency. (2nd Ed.) 735; Gassler et al., v. Goodrich, 3 Cliff, (U. S.) 71; Columbia Wire Co. v. Boyce, 104 Fed. 172; People v. McNulty, 93 Cal. 427; People v. Bd. of Supervisors, 67 N. Y. 109.

And the same is true of Sec. 6, as to the amendment of Sec. 4153.

We think, therefore, that the legislature intended by the amendment of these sections to change the duties of the assessor, so that he no longer makes an assessment of liquor and gaming licenses such as was originally contemplated by the statutes, allowing him a commission, and to remunerate him by his fee of 50 cents for his new duties.

The judgment of the lower court is affirmed with costs and it is so ordered.

William J. Mills, C. J., John R. McFie, A. J., Wm. H Pope, A. J., concur.

Frank W. Parker, A. J., dissents.

Abbott, A. J., having heard the case below did not sit.