[No. 1267, February 28, 1910.]

## JEMEZ LAND COMPANY, Appellant, v. ANTONIO JOSE GARCIA, Appellee.

### SYLLABUS.

1. The contention that C. L., sec. 2950, par. 5, confers jurisdiction upon the District Court of Bernalillo County to try the cause notwithstanding the fact that the complaint shows the land involved to be situated in the County of Sandoval would be correct if the claim for damages was the sole object of the suit, but the claim for damages is not the sole object.

2. Complaint examined and found to contain both a legal and equitable cause of action which is permissible under the Code.

3. It cannot be contended successfully that the allegations of ownership and right of possession cannot be denied by the answer to such a complaint.

4. The action to strike because the answer of the appellee not only denies the ownership and right of possession of the appellant of the land involved, but also claims owner-

Jemez Land Co. v. Garcia.

ship and right of possession to be in the appellee, was properly overruled.

5. From examination of complaint it is apparent that the injunction prayed for in the complaint cannot be treated as a mere incident to the action for damages.

6. Growing trees are part of the realty and no part of the claim for damages for trees already cut.

7. As complaint shows that an interest in land is necessarily involved in the suit within meaning of C. L. 1897, sec. 2950, par. 4, and that the land is situated in Sandoval County, and not in Bernalillo county, there was a want of jurisdiction for which the demurrers were properly overruled by the court below.

8. The cause is in form· an action of "trespass to try title" which action is authorized by the laws of the state of Texas but not in New Mexico.

9. The answers in this case being responsive to the complaint and challenging its allegations, are not obnoxious to either the demurrers or motion to strike interposed by the appellant, and therefore errors assigned upon their denial by the court below, cannot be sustained.

10. As there was want of jurisdiction, as concluded by the court below, there could be no error in sustaining the motion to strike the reply.

11. As appellant declined to plead further in the court below the judgment of dismissal was properly rendered and error assigned as to this action is overruled.

Appeal from the District Court for Bernalillo County before IRA A. ABBOTT, Associate Justice. ·Affirmed.

ALONZO B. McMILLEN for Appellant.

The court had jurisdiction. C. L. 1897, sec. 2950, par. 1, 2, 3, 5.

FRANK W. CLANCY for Appellee.

Lack of jurisdiction is apparent on the face of the·

complaint. C. L. 1897, sec. 2950; Jones v. Rogers, 85 Miss. 834-5; Wayne v. Caldwell, 1 S. D. 485-6; New Orleans v. Benjamin, 153 U. S. 431; Mining Co. v. Ore Purchasing Co., 188 U. S. 643.

### STATEMENT OF THE CASE.

The appellant, a corporation, brought suit in the District Court of Bernalillo County, alleging that it was the owner in fee and in possession of the tract of land specified in the complaint, situated in the County of Sandoval in said Territory; that within three years and while the appellant was owner and in possession of the land the appellee went upon appellant's land and cut many small growing trees thereon and piled them so as to make a kind of brush fence around a portion of a smaller tract of land within the Canon de San Diego Grant referred to in the complaint; that on information and belief appellant alleges that the appellee was not in possession of the land but that the appellant was and is in possession; that the damage amounted to one hundred dollars.

The complaint further alleges that when the appellant, through its employes, was about to clear away the brush and rubbish from said land and improve it, the appellee forbid the same threatening to beat, injure and do the appellant's employees bodily harm, and will do so unless restrained.

Appellant further alleges that the growing timber is in great danger from destruction by fire unless said brush is removed, and on information and belief alleges that unless restrained by the court appellee will continue to cut and carry away from appellant's land the growing timber thereon.

The prayer of the complaint is as follows:

"Wherefore, plaintiff prays judgment against said defendant for the sum of one hundred dollars damages for the cutting and destroying of growing trees upon plaintiff's premises, together with interest and cost of suit, and the said plaintiff prays that the said defendant be enjoined and restrained from interfering with the plaintiff, its officers, agents and employees in the clearing away of the

brush and improving said property, and that said defendant be also restrained from cutting timber upon the land of said plaintiff or removing wood or stone therefrom until the further order of the court, and that upon final hearing the said defendant be perpetually enjoined from claiming any right, title or interest in or to said premises and from interfering in any way with the clearing, improving or use of said premises by the said plaintiff, its officers, agents and employees, and for all proper relief in equity."

Upon this complaint a temporary injunction was issued on the 9th day of August, 1906.

On the 3rd day of September, 1906, the appellee by his attorney filed his answer to the complaint, in which he admitted the first paragraph of the complaint, admitted forbidding the employees of the appellant from entering upon a tract of land "occupied and owned by him" but denied all of the other allegations of the complaint. In paragraph 5 appellee alleges:

"5. And for further answer to said complaint, by way of new matter, defendant shows that he is the owner in fee simple of the smaller tract of land mentioned and referred to in said complaint; that he became such owner by purchase from Felipe Atencio and wife on the 20th day of May in the year, 1865, as will appear by reference to the deed of conveyance from said Atencio and wife, a copy of which is attached hereto as a part hereof; and that under and by virtue of said deed of conveyance, from said 20th day of May, 1865, down to the present time, he has had open, notorious, exclusive, adverse possession of said tract of land described in said deed against the whole world, and that during the whole of said time no claim by suit in law or equity effectually prosecuted has ever been set up or made to the said tract of land against this defendant, the said Canyon de San Diego Land Grant being a tract of land which was granted by the government of Spain in the year 1798.

"Wherefore, defendant prays judgment that the said complaint may be dismissed and that he go hence with his costs in this behalf wrongfully sustained."

On the 3rd day of September, 1906, appellee filed

two additional answers in the nature of pleas to the jurisdiction, in the first of which he challenged the jurisdiction of the District Court of Bernalillo County upon the ground that the suit involved the recovery of the possession of land situated in Sandoval County, and the second challenges the jurisdiction of the court in that appellant seeks to obtain possession of a tract of land by means of a writ of injunction thus depriving appellee of his right to a trial by jury.

On the 22nd day of December, 1906, appellant demurred to the two answers challenging the jurisdiction, and moved to strike paragraph 5 from the answer on the merits.

These demurrers and motion to strike were denied by the court with leave to plead further if appellant so desired.

On the 23rd day of October, 1907, appellant filed a reply denying all of the allegations of the several answers and specifically denying the allegations of paragraph 5 of the answer.

On motion of counsel for appellee, the court struck from the files the reply of the appellant, and appellant declining to plead further on the 16th day of May, 1908, final judgment was entered dismissing the cause for want of jurisdiction.

From this judgment an appeal was granted and the cause is now in this court by virtue of that appeal.

### OPINION OF THE COURT.

McFIE, J.—It appears from the briefs of the respective counsel in this case, that section 2950, Comp. Laws 1897, is relied upon by both of the parties to this litigation, therefore, in order to obtain a clear understanding of the rulings and judgment of the court below, the paragraphs relied on will be set out in full.

"Sec. 2950.     All civil actions which may hereafter be commenced in the District Courts shall be brought and shall be commenced in counties as follows, and not otherwise:

\* \* \*

Jemez Land Co. v. Garcia.

"Fourth. When lands or any interest in lands are the object of any suit in whole or in part, such suit shall be brought in the county where the land or any portion thereof is situate.

"Fifth. Suits for trespass on land shall be brought as provided in the first paragraph, or in the county where the land or any portion thereof is situate. * * * * * *"

The appellant, contending that the object of the suit is to recover damages for a trespass on lands relies upon paragraph 5 of section 2950 above quoted, as conferring jurisdiction upon the District Court of Bernalillo County to try the cause notwithstanding the fact that the complaint shows the land involved to be situated in the County of Sandoval. The contention of appellant would, undoubtedly, be correct if the claim for damages was the sole object of the suit. The claim for damages for trespass to land, however, is not the sole object of the present action. Upon this theory, appellee insists that under the pleadings and circumstances of this case the cause involves an interest in lands within the meaning of paragraph 4 of section 2950 above set out. Appellee, therefore, denies the jurisdiction of the District Court of Bernalillo County to try the cause.

The demurrers and motion to strike were interposed after the answers were filed, the demurrers challenging two of the answers, while the motion seeks to strike out only paragraph 5 of the remaining answer, but in the brief of appellant's counsel it is insisted that the complaint alone must be considered upon the question of jurisdiction; that the complaint is for one hundred dollars damages and that such is the prayer of the complaint.

Examining the complaint then, (without conceding the correctness of the above contention) it is found to contain both a legal and an equitable cause of action, which is permissible under the Code of this Territory.

The legal cause alleged is damages for a trespass on land of which the appellant not only is the owner in fee simple, but was in possession at the time of the trespass, thus disclosing a clear right of action if the allegations are

true and undisputed. But, can it be contended success-fully that the allegations of ownership and right of possession cannot be denied by the answer to such a complaint? We think not, as a defendant who is the owner and in lawful possession of a tract of land is not liable for trespass upon his own land. In this case the answer of the appellee not only denies the ownership and right of possession of the appellant of the land involved, but paragraph 5 of the answer claims ownership and right of possession to be in the appellee. We are of opinion, therefore, that the motion to strike was properly overruled.

The injunction prayed for in the complaint cannot be treated as a mere incident to the action for damages as is apparent from an examination of the complaint. In the first place, the complainant claims title in fee simple to the land upon which the growing trees are alleged to have been cut and improvements made; alleges that the growing timber is in danger from fire caused by appellees piling brush on the land, and further alleges that unless restrained the appellee will continue to cut down and carry away the growing trees. Now these allegations of the complaint demand protection of the realty as growing trees are a part of the realty and no part of the claim for damages for trees already cut. Based upon these allegations is the prayer, "that upon final hearing the said defendant (appellee in this court) be perpetually enjoined from claiming any right, title or interest in or to said premises and from interfering in any way with the clearing, improving or use of said premises by said plaintiff, (appellant)."

It is clear that if the relief sought should be granted by the court, the appellee would be perpetually restrained from asserting title or any interest whatever in or to the lands in dispute of which he claims to be the absolute owner by deed. Under these allegations of the complaint itself it is apparent that an interest in land is necessarily involved in this suit within the meaning of the fourth paragraph of section 2950 *supra,* which provides that suit shall

be brought in the county in which the land is situated, and as the complaint shows that the land is situated in Sandoval and not in Bernalillo County there was a want of jurisdiction for which the demurrers were properly overruled by the court below.

This cause is in form an action of "trespass to try title" which action is authorized by the laws of the state of Texas, but not in this Territory, the complaint herein being almost identical with the forms of complaint in actions of trespass to try title provided for by the Texas code.

The answers in this case, being responsive to the complaint, and challenging its allegations, are not obnoxious to either the demurrers or motion to strike interposed by the appellant, and therefore errors assigned upon their denial by the court below, cannot be sustained.

The conclusion of the court below that there was a want of jurisdiction necessarily led to the sustaining of the motion of appellee's counsel to strike from the files the appellant's replication, and as we agree with the court that there was a want of jurisdiction, it follows that there could be no error in the sustaining of the motion to strike the reply.

From the views above expressed, and the further fact disclosed by the record, that the appellant declined to plead further in the court below, we are of the opinion that the judgment of dismissal was properly rendered, and the error assigned as to this action of the court below is overruled with costs. And it is so ordered.