[No. 2028.    April 12, 1917.]
# SECURITY INVESTMENT & DEVELOPMENT CO. v. CAPITAL CITY BANK.

### SYLLABUS BY THE COURT.

Neither a judgment creditor, nor his assignee, can maintain an answer or counterclaim in a suit to quiet title under sections 4387 and 4388, Code 1915.

Appeal from District Court, Santa Fe County; G. A. Richardson, Judge.

Suit to quiet title by the Security Investment & Development Company against James W. Norment and others, in which the Capital City Bank appeared and filed answer containing a counterclaim and sought to have its lien declared prior to the estate of the plaintiff. From an order striking its appearance and answer from the files, the Capital City Bank appeals. Affirmed.

E. R. WRIGHT of Santa Fe for appellant.

Appellant had such an interest as entitled it to appear and defend.

Secs. 4387, 4388, Code 19$^{15}$ In re. Horn's Est. 72 Atl. 791, 223 Pa. 415; Johnson v. Samuelson, 117 N. W. 470, 130 A. S. R. 666; Crockett v. Bray, 66 S. E. 666, 151 N. C. 615; Brickell v. Atlas Assur. Co., 101 Pac. 16, 10 Cal. A. 17; Hillyard v. Banchor, 118 Pac. 67, 85 Kan. 5$^{16}$; Nuestadter Bros. v. Doust, 92 Pac. 978, 13 Idaho 617; 32 Cyc. 1343. See II Words & Phrases, 2d Series, p 1137, et seq. See, also, Holmes v. Chester, 26 N. J. Equity

79; Lembeck v. Jersey City, 30 N. J. Equity, 554; Donahue v. Stearns, 31 Minn. 244; Ormsby v. Ottman, 85 Fed. 492; Blair v. Hemphill, 82 N. W. 501; Foree v. Stubbs, 41 Neb. 271; Essig v. Lower, 120 Ind. 239, 21 N. E. 1090; Clark v. Darlington (S. D.), 63 N. W. 771; Axtell v. Gerlach (Cal.), 8 Pac. 34; Kittle v. Bellegarde (Cal.), 25 Pac. 55; Horn v. Garry (Wis.), 5 N. W. 897.

J. H. CRIST of Santa Fe for appellee.

Appellant had no such interest as entitled it to appear in and defend the action.

Secs. 4387 and 4388, Code 1915; Gillespie v. Broas, 23 Barb. 370, 381; U. S. v. Hunter, 21 Fed. 615; 17 P. & P. 300; Stanton v. Catron, 8 N. M. 374; Alexander v. Cleveland, 86 Pac. (N. M.) 425; Ball v. Chadwick, 46 Ill. 28; Elliott v. Carter, 29 Mass. (12 Pick.) 436; Robertson v. Van Cleve, 129 Ind. 217; Bates v. Sparewell, 10 Mass. 323; Friedman v. Macy, 17 Cal. 226; Bradford v. Mogk, 8 N. Y. S. 709; Lowry v. Powell, 34 S. E. 296; State v. Dist. Court, 88 N. W. 755; Lansing v. Woodworth, 1 Sand. Ch. (N. Y.) ——; Burwell v. Tullis, 12 Minn. 572; Marshall's Ex. v. Hadley, 50 N. J. E. 547.

### OPINION OF THE COURT.

PARKER, J.  This is a suit to quiet title to certain lands in Santa Fe county, brought by the Security Investment & Development Company, a corporation, against James W. Norment, the County of Santa Fe, unknown claimants and unknown owners. The Capital City Bank appeared and filed an answer, containing a counterclaim, and praying that its lien be declared prior and paramount to the estate of the plaintiff. The rights of the Capital City Bank, the appellant here, were based upon an assignment of a certain judgment rendered against James W. Norment, plaintiff's immediate grantor, the assignment having been made and a copy of the transcript of judgment having been filed in the office of the county clerk of Santa Fe county prior to the conveyance of the lands involved from Norment to the plaintiff, the appellee. The

Security Investment & Development Co. v. Capital City Bank,
22 N. M. 469.

trial court, upon the motion of appellee, entered an order striking the appearance and answer of appellant from the files, the ground for such action being that appellant had no interest in the subject-matter of the litigation sufficient to maintain its defense or counterclaim. From that action the appellant appealed.

[1] The sole question on this appeal is whether the appellant has sufficient interest in the subject- matter to maintain its defense and counterclaim. It takes the position that it has an interest as well as a claim in the premises in dispute by virtue of its lien. The lien was acquired under section 3079, Code 1915. Section 4387, Code 1915, the statute under which this suit was brought, provides the following:

"An action to determine and quiet the title of real property may be brought by anyone having or claiming an interest therein, whether in or out of possession of the same, against any person claiming title thereto."

Section 4388, Code 1915, provides for the procedure for such suits, and requires the complaint therefor to contain certain matters, and that certain classes of persons shall be made parties defendant. The plaintiff is required to set forth the nature and extent of his estate in the premises, allege adverse claims to the estate on the part of defendants, and pray for the establishment of his estate against such adverse claims. It further provides:

"Any or all persons whom the plaintiff alleges in his complaint he is informed and believes make adverse claim to the estate of the plaintiff * * * and all unknown persons who may claim any interest or title adverse to plaintiff, may be made parties defendant. * * * "

If a person having a general lien on the premises in dispute may properly come in and plead as a defendant and set up that lien interest as an estate adverse to the estate and title of the plaintiff, and may also plead a counterclaim based upon such lien, then the contention of appellant must be sustained; otherwise, it must be denied. The appellant cites a number of cases which it asserts sustains

its contention, chief among them being the case of Ormsby
v. Ottman, 85 Fed. 492, 29 C. C. A. 295, by Sanborn, J.;
but the decision of the territorial Supreme Court in Stan-
ton v. Catron, 8 N. M. 355, 374, 45 Pac. 884, 890, con-
trols our decision in this case. In that case the plaintiff
brought a creditor's bill and on appeal attempted to sustain
his suit upon the theory that he could maintain, under the
pleadings, a suit to quiet title. The court, in disposing
of this contention, referred to section 2214, C. L. 1884,
which is identical with section 4387, Code 1915. It held
that the statute did not contemplate a controversy between
conflicting liens, or between a judgment creditor and a
purchaser, and that the plaintiff must have an interest
greater than a lien interest. The court said:

"The bill in this case shows the complainant to be a judg-
ment creditor claiming a general lien, by virtue of his judg-
ment, upon the lands in controversy. No title to the property
is asserted. What relation does a judgment creditor bear to
the land of the debtor upon which he has a general lien by
virtue of his judgment? Not that of an owner of the prop-
erty, or one having an interest or right in the title to the land
itself, but simply that of a general lien upon the lands, which
confers upon the judgment creditor the right to levy upon
and sell the same to the exclusion of other adverse interests
subsequent to the judgment. The title to the land is not
transferred by the judgment from the judgment debtor to
the judgment creditor, but remains in the judgment defend-
ant. Other judgment creditors may levy upon the land and
sell it. The debtor may sell and dispose of the land and
pass title thereto in any way he sees fit, subject, of course,
to the rights of the creditor under the lien of his judgment.
The judgment creditor is simply vested with the power to
make the general lien of his judgment effective in pursuing
the remedy which the law gives in issuing execution, levy,
and sale of the land. By following up diligently the remedy
which the law has given him, he may thus vest himself with
a title in the specific land on which therefore he had only a
general lien. Until this is done no title to the land passes
to or is vested in him. His judgment is simply a link in the
chain which may be lengthened into a title in his favor. This
view we understand to be sustained by the Supreme Court
in the case of Conrad v. Atlantic Ins. Co., 1 Pet. 386, 433 [7
L. Ed. 189]; Brown v. Pierce, 7 Wall. 207 [19 L. Ed. 134];
1 Black on Judgments, § 400, and cases cited; Young v. Tem-
pleton [4 La. Ann. 254], 50 Am. Dec. 563."

The principles set out in that case are controlling here.
The appellant in the case at bar had no standing before

the court in the suit to quiet title, because its right and interest in the premises was based upon a judgment lien which does not constitute title; nor is such claim within the purview of the statute.   Its counterclaim is likewise without merit in this suit.

The trial court therefore properly struck its appearance and answer and counterclaim from the files, and the judgment of the trial court is therefore affirmed; and it is so ordered.

### SYLLABUS BY THE COURT.