AZWELL *et al. v.* MOHAMED *et al.*

(Division B.   Oct. 24, 1932.)

[143 So. 863.   No. 30183.]

**V. B. Montgomery**, of Belzoni, and **Lewis F. Owen**, of Yazoo City, for appellants.

H. F. Jones, of Belzoni, for appellees.

Argued orally by **V. B. Montgomery** and **Lewis F. Owen,** for appellant, and by **H. F. Jones,** for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellants brought suit in the circuit court against H. Mohamed, W. C. Phillips, and D. Homod, appellees, for the establishment of a materialman's lien upon a building and the land upon which it was situated, to satisfy the demand of the appellants for materials and labor expended in erecting said building.

D. Homod and H. Mohamed had sold to W. C. Phillips land in the town of Isola, in Humphreys county, reserving thereon a vendor's lien for the unpaid purchase money. Phillips desired to erect a filling station upon this land; it being alleged that the lots were purchased for this purpose, being nonincome-bearing property.

The declaration alleged that the appellants, being unwilling to construct this type of building, which consisted to a considerable extent of concrete, on the credit of Phillips, approached D. Homod and H. Mohamed with reference to waiving their rights, and that they agreed that they would either pay the amount that was due and unpaid by Phillips or would permit a materialman's lien to be applied against the building and lots.

The facts were set forth with clearness in the declaration showing such agreement.

The defendants, Homod and Mohamed, demurred to the declaration on a number of grounds, the substance of which was that under section 2260 a written consent, or consent in writing, was required, to secure waiver of a lien and make it a valid contract, which demurrer was sustained.

It will be seen that Homod and Mohamed only had a lien upon the lots to secure the balance of the purchase money. They did not have an interest in the land itself, but only had security of a right to resort to the land in case default be made in the payment of their debt.

Such a claim or lien is not an interest in the land, but is only a right to resort to it to satisfy a debt. 27 R. C. L., sec. 317, p. 574, and Wilkins v. Humphreys, 23 Miss. 311.

Section 2260, Code of 1930, reads as follows: "If such house, building, structure, or fixture be erected, constructed, altered, or repaired at the instance of a tenant, guardian, or other person not the owner of the land, only the house, building, structure, or fixture, and the estate of the tenant or such other person, in the land, shall be subject to such lien, unless the same be done by the written consent of the owner."

This section requires the owner of the land to consent in writing. The defendants, Homod and Mohamed, in this case, are not the owners within the meaning of that section.

It may be conceded that a person who only had an interest in the real estate itself would be the owner within the meaning of the statute, but the statute does not include a mere lienholder.

The appellees rely largely on the case of Bernstein v. Schelben, 144 Miss. 717, 111 So. 97. This case does not cover the present case. It was dealing with a different situation entirely.

We are of opinion that the court below erred in sustaining the demurrer, and the judgment will be reversed and the cause remanded for further proceedings.

Reversed and remanded.