## McLENNAN *v.* HOLBROOK ET AL.

(23 P. (2d) 137)

*Harry J. De Francq,* of Portland (J. S. Moltzner, of Portland, on the brief), for appellant.

*Henry S. Westbrook,* of Portland, for respondent.

CAMPBELL, J. On January 1, 1920, defendant Holbrook was, and ever since has been, a real estate broker, duly licensed under the laws of the state of Oregon. Pursuant to section 8310, Oregon Laws 1920, defendant Holbrook delivered to the insurance commissioner a bond, executed by himself as principal, and the New Amsterdam Casualty Company (hereinafter known as the defendant company) as surety, in the

sum of $1,000. The conditions of said bond (made a part of plaintiff's complaint), pertinent to a correct determination of this case, are as follows:

"* * * * *

THE CONDITIONS OF THE ABOVE OBLIGATION are such that, whereas the above bounden principal is about to obtain a license to engage in the business of real estate broker, in accordance with the provisions of an act of the Legislature of the State of Oregon, approved February 26, 1919, entitled 'An Act regulating the business of real estate brokers, requiring a license and a bond from real estate brokers and providing a penalty'.

NOW THEREFORE, if the said, Jesse B. Holbrook, the above bounden principal shall, if said license is issued to him conduct his business as real estate broker without fraud or fraudulent representation, and pay to any party entitled thereto all damages arising by reason of the fraud or fraudulent representation, of said principal, directly or indirectly, not to exceed One Thousand Dollars, then this bond shall be void and of no force and effect; otherwise, to remain in full force and virtue".

Plaintiff alleges that on or about July 1, 1920, defendant Holbrook advised her that he had an opportunity to loan some of her money to be secured by a mortgage on certain real property in the state of Washington; that, for this purpose, plaintiff delivered $850 in cash to said defendant who thereafter falsely represented to plaintiff that the aforesaid money had been loaned when in fact no loan had been made, but said money had been appropriated to his own use by said defendant; that upon plaintiff ascertaining the truth of the transaction and making complaint to said defendant, she was given a promissory note executed by said defendant, payable to her in the sum of $850; that said defendant was then and is now

insolvent and plaintiff has been damaged in the sum of $850 and also in the sum of $253.63, occasioned by the loss of the use of said money from July 1, 1920, until June 13, 1925. Plaintiff prays judgment against each of the defendants jointly and severally for the sum of $1,000.

Defendant company filed an answer in which it denied the allegations of plaintiff's complaint on lack of knowledge and belief except that it admitted its corporate existence, and that defendant Holbrook on July 1, 1920, was a real estate broker duly licensed by the state of Oregon and as such was bonded by defendant company. It also alleged in its first and second separate answers, new matter that is immaterial to a proper determination of this cause.

The cause was tried to a jury which returned a verdict in favor of plaintiff in the sum of $850. Defendant company appeals.

Assignment of error No. 1: When plaintiff offered to introduce her testimony, defendant company objected to the introduction of any testimony for the reason that the complaint did not state facts sufficient to constitute a cause of action against defendant company. The objection was overruled.

Assignment of error No. 2: Again, at the close of the testimony introduced by plaintiff, defendant company moved for a non-suit as to it, which motion was overruled and an exception saved.

Assignment of error No. 3: At the close of all the testimony, defendant company moved for a directed verdict in its favor which motion was also denied and an exception saved.

There was no testimony given at any time during the trial that in any manner changed the issues raised by the pleadings.

■ ■■■■ Appellants have listed seven assignments of error in their brief, but the above three raise the only question involved, that is: Was defendant Holbrook engaging in the business of a real estate broker when offering to loan plaintiff's money upon real property mortgage security?

Oregon Laws 1920, section 8309, the law in effect when the transaction arose, defines a real estate broker as follows:

"A real estate broker within the meaning of this act is a person engaged in the business of negotiating or offering to negotiate for others for compensation or profit, either directly or indirectly, as the principal, or the employee of others or otherwise, the purchase, sale, exchange, lease or rental of real estate, or any interest therein, as his principal or partial vocation; * * *".

Obviously, the instant business between Holbrook and plaintiff was not "* * * negotiating * * * the purchase, sale, lease or rental of real estate * * *", nor was the transaction concerned with "any interest therein".

Plaintiff contends that the money she entrusted to Holbrook was to be loaned on real estate mortgage security and that a mortgage on real estate is an "interest therein".

■ This court has held many times that a mortgage on real estate does not constitute any interest therein until foreclosed.

"* * * a mortgage of real property in this state does not convey the title nor does it create an interest or an estate in the mortgage property. It merely creates a lien or an encumbrance against the property as security for the payment of a debt or the fulfillment of an obligation, and becomes void on pay-

ment of the debt or the fulfillment of the obligation. Equity regards the debt as the principal thing, and the land as a mere incident to it. * * *'' Schleef v. Purdy et al., 107 Or. 71 (214 P. 137); Renshaw v. Taylor, 7 Or. 315; Sellwood v. Gray, 11 Or. 534 (5 P. 196); Adair v. Adair, 22 Or. 115 (29 P. 193); Sec. Sav. & Trust Co. v. Loewenberg, 38 Or. 159 (62 P. 647); Kaston v. Storey, 47 Or. 150 (80 P. 217, 114 Am. St. Rep. 912); Noble v. Watkins, 48 Or. 518 (87 P. 771); Stout v. Van Zante, 109 Or. 430 (219 P. 804, 220 P. 414).

It follows, from the provisions of the bond, that defendant company would only be liable for damages arising through the fraud or fraudulent representation of defendant Holbrook within the scope of a real estate broker's business; it would not be liable in the instant transaction, as the placing of loans for another, secured by a mortgage on real estate does not fall within the statutory designation of a real estate broker's business as defined by Oregon Laws 1920, supra.

The judgment should be reversed and the action dismissed as to defendant New Amsterdam Casualty Company, a corporation. It is so ordered.

ROSSMAN, BEAN, and BAILEY, JJ., concur.