78 P.2d 1110

### ROSSER et al. v. ROSSER.

### No. 4348.

Supreme Court of New Mexico.

April 23, 1938.

Sanders & Taggart, of Lordsburg, for appellant.

A. W. Pollard, of Deming, for appellees.

ZINN, Justice.

It appears in appellees' complaint that they had filed upon a section of land located in Tp. 25 S., R. 14 W., N. M. P. M., under the homestead laws of the United States, 43 U. S.C.A. § 161 et seq., and, having complied with such laws in reference to acquiring title thereto by patent, had made final proof before the proper officer of the United States, receiving from him a final certificate, which certificate, upon being presented to the Commissioner of the General Land Office of the United States, would entitle the appellees to a patent for said section of land.

Appellees also alleged that the appellant, without consideration, had persuaded the appellees to execute and deliver to him their note in the sum of $1,800, secured by a mortgage deed upon a section of land located in Tp. 24 S., R. 14 W., N. M. P. M., which mortgage deed the appellant placed of record contrary to agreement. Presumably, the mortgage deed was intended to cover the homestead, but the description covered a section in an adjoining township.

The appellees charge that as a result of the filing of the mortgage deed and its recording in the office of the county clerk (we quote from the complaint), " * * * there has been created a purported lien against the said real estate * * * and it has created a cloud against the title of the said plaintiffs to the said real estate to the damage of the plaintiffs' in the sum of Five Hundred and no/100ths Dollars."

Appellees prayed judgment for the cancellation of the note and mortgage, for a release of the mortgage, and damages in the sum of $500, together with costs and attorney fees.

Summons was issued on the complaint, which summons, together with a copy of the complaint, was served on the appellant personally in Miles, Runnels county, Tex., by a deputy sheriff of said county.

Thereafter, the appellant appeared specially in the court below and filed his motion to quash the process and service for the reason, as claimed by appellant, no valid service on him had been made, inasmuch as the service had been made in Texas, not in New Mexico.

The trial court overruled the motion, to which order overruling the motion the appellant excepted, prayed, and was allowed an appeal. The appeal was perfected and is here in proper time.

The theory of the appellant is that the cause of action is one in personam, to wit, a suit to cancel an instrument, and therefore personal service of a defendant in such suit to enable the district court of Grant county to acquire jurisdiction is indispensable, citing Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565, and Cella Commission Co. v. Bohlinger, 8 Cir., 147 F. 419, 8 L.R.A.,N.S., 537, and inasmuch as appellant was served in Texas, outside of the jurisdiction of the court, such service is not sufficient, citing Raher v. Raher, 150 Iowa 511, 129 N.W. 494, 35 L.R.A., N.S., 292, Ann.Cas.1912D, 680.

The appellees' theory on the contrary, and we assume that such was their theory in the trial court, is that the suit was in the nature of a civil action to determine and quiet the title to real property belonging to appellees because appellant was asserting or claiming a lien thereon by virtue of an invalid mortgage, and that such an action is therefore one in rem, and that substituted service was sufficient to enable the court to acquire jurisdiction.

An action pursuant to our statute to determine and quiet the title of real property may be brought by any one having or claiming an interest therein against any person claiming a lien thereon. 1929 Comp.St. § 105-2001. Though appellees allege in their complaint that the unwarranted filing and recording of the mortgage deed in the office of the county clerk of Grant county created a lien against their property, which lien was a cloud upon the title to their homestead, we can find no such lien or cloud upon their title. The appellees argue that the ultimate relief sought is to erase the purported lien created by the recorded mortgage, and thereby remove the cloud on their title.

We, however, look at the complaint in its entirety. No cloud appears upon the appellees' title to the land located in township 25 by the recording of the mortgage. An inspection of the records in the office of the county clerk and recorder would disclose a purported lien against a section of land located in an adjoining township. This tears the only shred from the claim of appellees that the unwarranted recording of the mortgage deed creates " * * * a purported lien * * *" and " * * * has created a cloud against the title of the said plaintiffs to the said real estate. * * *"

We are compelled to look at the four corners of the complaint, and from it, if possible, determine the nature of the action brought by the appellees, and the relief they seek.

The suit is unquestionably a suit to cancel an instrument. It is directed at a particular instrument, to wit, the mortgage deed which the appellees claim was secured by the appellant improperly. The appellees seek to cancel this instrument. Such proceeding is one in personam and not in rem. See 9 Am.Jur. § 53, title, Cancellation of Instruments. A decree would operate upon the person of the defendant and not upon the property. 9 Am.Jur. § 65, same title.

It is a fundamental rule of law that process from a court of New Mexico served upon a defendant residing in some other state directing him to appear in some court in New Mexico, and defend a personal action, would be invalid because it would not be due process of law under the Fourteenth Amendment to the Constitution of the United States. Pennoyer v. Neff, supra.

In addition to the primary object of the suit, that is, cancellation of the mortgage deed, appellees also pray for damages in the sum of $500 and attorney's fees. The appellees' theory in praying for damages and attorney's fees is not clear.

If it be a suit to quiet title as now argued by appellees, no damages or attorney's fees are allowed by our statutory suit to quiet title. 1929 Comp.St. § 105-2001 et seq. We know of no equitable principle, and none is cited us by appellees, authorizing an award of damages and attorney's fees in a quiet title action or in the former actions quia timet. If malice could be inferred on the part of appellant when, as charged by appellees, contrary to agreement, the appellant recorded the mortgage deed, the damage claimed might be such as would arise out of a slander of the appellees' title. But as the complaint stands we would be hard put to find in it allegations sufficient to support an action to recover damages for slander of title. We are therefore at a loss to determine the nature of the foundation upon which the appellees intended to build their claim for damages.

In any event, and under any theory, the claim for damages and attorney's fees must also be treated as an action in personam, and the court could not acquire jurisdiction of the defendant except by personal service upon him within the boundaries of New Mexico. Pennoyer v. Neff, supra.

We conclude that the trial court erred in failing to sustain the appellant's motion to quash the process and service. The cause will be remanded, with directions to sustain said motion.

It is so ordered.

HUDSPETH, C. J., and SADLER, BICKLEY, and BRICE, JJ., concur.