274 P.2d 620

### HEATH v. GRAY et al.

No. 5751.

Supreme Court of New Mexico.

Sept. 1, 1954.

Rehearing Denied Oct. 18, 1954.

Jess R. Nelson, Truth or Consequences,
David Chavez, Jr., Santa Fe, Hannett &

Hannett, G. W. Hannett, W. S. Lindamood, Albuquerque, for appellant.

C. R. Brice, Roswell, H. A. Kiker, Santa Fe, for appellees.

Thomas B. Forbis, per se.

SEYMOUR, Justice.

This case concerns attorney's fees and involves many facts of which a large number may and will be omitted, since they have no relevance to the jurisdictional issue upon which disposition of the appeal is made.

Appellant, represented by his attorney Forbis, the appellee, filed suit in Sierra County against Gray, seeking a money judgment and other relief in connection with a construction contract unrelated to the problem presented here. Gray's answer to the complaint, insofar as material to the instant case, was a counterclaim asserting a joint venture agreement between himself and the appellant, involving the acquisition of oil and gas leases, providing for an equal ownership thereof, and an equal division of profits therefrom; this counterclaim charges appellant with a failure to account to Gray for his share of the proceeds derived from an oil and gas lease covering approximately 2,444.40 acres located in San Juan County, New Mexico, describing the same, and a failure to transfer to him ½ of a 2% overriding royalty allegedly retained by appellant on this acreage; the counterclaim seeks both a money judgment and a decree of specific performance as to the royalty interest.

· Perhaps because this counterclaim presented a controversy entirely unrelated to · the controversy initiated by appellant's original complaint, appellant and his then attorney, the appellee Forbis, entered into a new or supplemental fee agreement for the defense against this counterclaim. The agreement was for a contingent fee of an undivided ¼th interest in whatever was successfully saved to appellant by a defense to the counterclaim.

· The suit was tried and concluded in a dismissal with prejudice of the counterclaim. The trial court so found and further found that the appellee Forbis became entitled to his fee by this defeat of the counterclaim. These findings are supported by substantial evidence and make unnecessary a detail of the labyrinth of facts which culminated in the dismissal of the counterclaim.

The issues now before us arise from the intervention of the appellee Forbis in this case, subsequent to the dismissal of the counterclaim, asserting his claim for attorney's fees against his former client, the appellant.

The petition in intervention permitted by the trial court alleges a fee agreement, petitioner's successful performance of legal services, that appellee was the record owner of the oil and gas lease described in the counterclaim, that he, appellee, was entitled

to an undivided ⅛th or 12½% interest in the entire leasehold estate, that he was entitled to an order determining that he is the owner thereof or, in the alternative, that the reasonable value of his services in the defense of the second counterclaim was $15,-000, to secure the payment of which he was entitled to a lien upon the entire leasehold estate. Intervenor's-appellee's prayer conforms with his pleadings in seeking an order determining him to be the owner of an undivided ⅛th interest in the particular San Juan County leasehold estate, or in the alternative, that he be given judgment for $15,000 and have a lien against the leasehold estate to secure the payment thereof.

Final judgment of the trial court on the matter of the intervention reads in part as follows:

"* * * the Court * * * finding and concluding that the intervenor, Thomas B. Forbis, is entitled to a lien to secure his attorney's fees which the Court has found to be an undivided one-eighth (⅛) of the property described in defendant's second counterclaim * * * to-wit:

"(here is exact description of oil and gas lease covering 2444.40 acres in San Juan County, New Mexico)

*     *     *     *     *     *

"Wherefore, it is ordered, adjudged and decreed by the court that the intervenor, Thomas B. Forbis, is entitled to, and there is hereby impressed, a lien upon and against all of the above described property to secure his attorney's fee of an undivided one-eighth (⅛) interest in and to said above described property." (Parentheses ours.)

Any understanding of the disposition of this case requires noting of certain factors: The propriety of the original intervention was properly raised. It was disposed of by the trial court as follows:

"* * * It is the holding of the Court that Mr. Forbis is properly before the Court for the assertion of his attorney's lien, and to invoke the aid of the Court to protect him for his fees agreed upon or accrued, earned,— whether or not the method he has pursued, that is an intervention, so-called, under the Statute, Sec. 25-1310, is or is not properly applied, or the proper method to be pursued. No ruling as to the applicability of that section is required here, or as to whether an intervention, as such, may be brought in. It is sufficient that the applicant, the Attorney Forbis, has by apt measures applied to the Court for aid, relief and protection as to his fees, and that has been simply called to the attention of the Court by the method pursued,—that is the so-called Intervention applied for."

In short, the trial court was apparently acting within an area of equitable power to

protect the fees of a member of his court. It is to be further noted that the original counterclaim sought an accounting and a transfer of ½ of a 2% overriding royalty on a specific oil and gas lease. As the result of the dismissal of the counterclaim, intervenor asserts as a fee a one quarter interest in whatever was saved to his client by such victory. Without explanation, he asserts this to be an undivided ⅛th interest in a particular oil and gas lease covering 2,444.40 acres in San Juan County, asking that he be declared the owner thereof. The trial court apparently adopted this substantial change of appellee's theory; this would appear to be true from the court's assumption that the dismissal of the counterclaim saved appellee an undivided ½ interest in this oil and gas lease. The judgment, in part quoted above, was the result.

In the trial court and as a ground for reversal by this Court, appellant has denied the jurisdiction of the trial court under the Fourth subdivision of § 19–501, N.M.S.A. 1941, providing as follows:

"When lands or any interest in lands are the object of any suit in whole or in part, such suit shall be brought in the county where the land or any portion thereof is situate."

The briefs of the parties include an extensive review of all of the authorities bearing upon this venue statute. Both sides argue strenuously as to whether a suit to impress a lien on real property must be brought in the county where the property is located. Appellee, having proven to his own satisfaction that such an action is transitory, states that this conclusion "is totally immaterial in this case, as it is an action to enforce specific performance of a contract to convey real property, and such actions by general law and by statute are transitory." In support of this proposition of law, there is cited § 25–1601, N.M.S.A. 1941.

There are other theories presented on this question, and all these theories lead to one necessary conclusion, namely, that, before a decision can be rendered on the jurisdictional question, this Court must decide for itself what sort of action is involved.

In making this determination, if we look at the initial pleading, the petition in intervention, there is clearly asserted there by intervenor a ⅛th undivided interest in a particular oil and gas lease. In New Mexico, the interest covered by an oil and gas lease is real property. Vanzandt v. Heilman, 1950, 54 N.M. 97, 214 P.2d 864, 22 A.L.R.2d 497; Sims v. Vosburg, 1939, 43 N.M. 255, 91 P.2d 434; Staplin v. Vesely, 1937, 41 N.M. 543, 72 P.2d 7. Intervenor, in the body of his petition, states that he is entitled to an order determining that he is the owner thereof. We cannot escape the conclusion that this portion of the petition in intervention falls within the wording of the venue statute, "When lands or any interest in lands are the object of any suit

* * *." This is even more apparent when the petition asserts an undivided interest in the leasehold estate pursuant to the provisions of § 25–1310, N.M.S.A.1941, a section in the quieting title portion of our compiled laws providing for intervention by plaintiff's attorney to protect his fees. We have heretofore quoted the comments of the trial court as to the applicability of this statute, and are in general agreement with his doubt that such statute has any relevance in the instant case. However, this clearly points up the fact that an interest in land was the object of the petition in intervention; and the judgment of the court, even though not rendered under this act, has reached a result comprehended within its terms.

This same petition in intervention contains an alternative assertion of services fairly valued at $15,000, requests judgment therefor and alleges the right to a lien against the oil and gas lease to secure payment of such a judgment. This alternative plea raises the more difficult question argued by the parties as to whether a suit to impress a lien on real estate comes within the purview of the quoted section of the venue statute.

This latter question requires no answer here because it is our conclusion that the judgment of the trial court, in spite of its use of the word, "lien," did not in fact adjudicate a lien securing the performance of any duty or obligation on the part of appellant.

We must take this judgment as it is written and determine what it accomplished. The substance of the trial court's judgment is necessarily an adjudication that appellee is the owner of an undivided ⅛th interest in the oil and gas lease in question. This is what the intervenor asserted and this is what the trial court gave him. The substance of this judgment cannot be changed by calling a ⅛th interest in this real estate a debt which is secured by a lien on the whole lease. The incongruity of that interpretation is evident when one contemplates a proceeding to foreclose such a lien.

There are many theories of this case which are argued and which would have merit under a different set of pleadings. Appellee asserts this was a suit for specific performance. There might have been such a suit, but a reading of the petition discloses no appropriate allegations. On the other hand, there might have been a mortgage or lien to secure the performance of an act, that is, the execution of a transfer; but again, neither the petition in intervention nor the judgment of the court contained language which may be appropriately addressed to this possible theory of appellee's claim.

It is our conclusion that the petition in intervention in its first alternative allegations constituted a suit in which an

interest in lands was the object. It is our further conclusion that the judgment in substance ignored the second alternative allegation of the petition seeking $15,000 attorney's fees secured by a lien, and concluded the case by an adjudication of ownership in appellee of an undivided interest in real property. As a result of these conclusions, we hold that this suit falls within the purview of § 19-501, Fourth, supra, the venue statute, and the trial court in Sierra County, where the lands are not located, was without jurisdiction. Atler v. Stolz, 1934, 38 N.M. 529, 37 P.2d 243; Jemez Land Co. v. Garcia, 1910, 15 N.M. 316, 107 P. 683. Numerous other questions are presented and argued at length, and have received consideration; however, in view of our conclusion that the trial court had no jurisdiction under the first point raised, a discussion of the additional points is unnecessary.

█ It is true that the first point raised by appellant bases its jurisdictional attack on a slightly different basis from that upon which we dispose of the case. However, lack of jurisdiction in the trial court is a question which this Court is required to consider, even in the absence of its being raised by the parties. McCann v. McCann, 1942, 46 N.M. 406, 129 P.2d 646. Counsel for appellee in this Court did not participate in the proceedings below.

Judgment of the trial court is reversed and the cause remanded with a direction that the trial court enter an order dismissing intervenor's petition.

It is so ordered.

McGHEE, C. J., and SADLER, J., concur.

COMPTON and LUJAN, JJ., dissent.

COMPTON, Justice (dissenting).

I find myself in disagreement with the majority in this case. The holding that venue in all cases in which real property may be involved is in the county where the land is situated, is incorrect. The cases are in accord that actions are local only where they turn on the title as distinguished from an action to establish a personal obligation, in this instance a lien for attorney fees. Stated otherwise, actions are transitory where interest in land is merely incidental to the establishment of a personal obligation. Peisker v. Chavez, Dist. Judge, 46 N.M. 159, 123 P.2d 726; Alexander v. Cleland, 13 N.M. 524, 86 P. 425; Stearns-Roger Mfg. Co. v. Aztec Gold Mining & Milling Co., 14 N.M. 300, 93 P. 706; Cleveland v. Bateman, 21 N.M. 675, 158 P. 648, Ann.Cas. 1918E, 1011; Griffith v. Humble, 46 N.M. 113, 122 P.2d 134; Atler v. Stolz, 38 N.M. 529, 37 P.2d 243; State ex rel. Truitt v. District Court, 44 N.M. 16, 96 P.2d 710, 126 A.L.R. 651; Rosser v. Rosser, 42 N.M. 360, 78 P.2d 1110; McLennan v. Holbrook, 143 Or. 458, 23 P.2d 137; Azwell v. Mo-

hamed, 164 Miss. 80, 143 So. 863; Adams v. Colonial & United States Mortgage Co., 82 Miss. 263, 34 So. 482, 17 L.R.A.,N.S., 138; Morrison v. Clarksburg Coal & Coke Co., 52 W.Va. 331, 43 S.E. 102; Baker v. Farmers' Bank, 220 Mo.App. 85, 279 S.W. 428; State ex rel. Nyquist v. District Court, 164 Minn. 433, 205 N.W. 284.

In Atler v. Stolz, supra the action was by a judgment debtor to compel the conveyance of the land involved, that the judgment be declared a first lien, and the land sold for its satisfaction. While the action was held to be local, it was strongly suggested that the plaintiff nevertheless had a right to establish her lien, the court saying:

"The most that appellant could demand was the establishment of her lien. Except for the purpose of letting her lien in, no case was made for disturbing the several transactions among the defendants."

In Alexander v. Cleland, supra, in the course of the opinion the court held [13 N.M. 524, 86 P. 427]:

"However created, a lien (and a mortgage is a lien) is not an interest in land, but merely a security for the payment of a debt, and a contract to release a mortgage is not within the statute."

In State ex rel. Nyquist v. District Court, supra, the question was whether an action to cancel a contract for the sale of real estate for fraud, was local or transitory and the court disposed of the question in the following language [164 Minn. 433, 205 N.W. 285]:

"Actions on contracts, including those relating to real estate, have always been recognized as transitory. * * *"

In Neet v. Holmes, 19 Cal.2d 605, 122 P.2d 557, 560, the action was for an accounting, for a declaration of trust, and for other relief. The question was one of venue. The court said:

"In Turlock Theatre Co. v. Laws [12 Cal.2d 573, 86 P.2d 345, 120 A.L.R. 786], supra, it was pointed out that an action is transitory rather than local where the right to any real property sought by the plaintiffs depends upon the outcome of a controversy concerning a personal obligation of the defendants, and the judgment rendered thereon would be one to enforce such an obligation. The nature of the action here is essentially transitory, that is, the defendants would be entitled to have it tried in the county of their residence, if the determination of an estate or interest in land is merely incidental to the determination of a cause for equitable relief in trust, fraud, or contract. The nature of the action is local, and must be tried in the county where the land is situated, where it turns on the title to property as distinct from the personal

obligation, and the decree operates ex proprio vigore on the title. * * *

"In the present case it is obvious that the action turns principally on the personal obligation, as distinct from the title, and that judgment for any mining properties not now owned by the plaintiffs would follow if at all, merely as an incident of the judgment establishing the personal obligation."

In Lanier v. Looney, Tex.Civ.App., 2 S.W.2d 347, 350, three persons entered into a contract similar to the one involved here. The question was one of venue and the court held:

"Appellant's theory of the case apparently is that a suit to enforce an oral agreement entered into between parties to become jointly interested in the mineral rights to land, subsequently acquired by leases taken in the name of one of the parties, and in which the other party has fully performed his part of the agreement, is a suit for the recovery of land, and that, under the mandatory provisions of the statute above quoted, no district court of the state has jurisdiction to try such suit, except the court in the county in which the land is situated. We cannot agree to this contention, either that such a suit is one to recover land, or that, because of the mandatory provision of section 14 of the venue statute, every district court other than the one in the county in which the land is situated is denied jurisdiction to try same. In the instant case, the agreement is that the lease be taken in the name of appellant, and the judgment sought and obtained is not one to change this record title, except in so far as a judgment declaring appellee's interest in the leases and that appellant holds such interest in trust for appellee be notice of that fact. * * * "

The majority opinion is based on the language found in the venue statute, § 19–501, 1941 Comp., making local the proceeding "when lands or any interest in lands" are the *object* of the suit, "in whole or in part." Similar language is found in our first statute authorizing suits to quiet title, "by anyone having or claiming any interest in land", Laws 1884, ch. 6, § 1, and carried forward in the same form through various amendments to date, § 25–1301, 1941 Comp. This statute has been construed on several occasions, before and after statehood, in which we held a lien was and is not an "interest" in land. There is then posed the question, did the word "interest" have a different meaning in the venue statute enacted in 1876 from what it had in the quieting title statute enacted in 1884? Obviously, the majority so holds. The cases holding the word "interest" in quieting title statute does not embrace "liens" are Stanton v. Catron, 8 N.M. 355, 45 P. 884; Holt-

hoff v. Freudenthal, 22 N.M. 377, 162 P. 173; Security Investment & Development Co. v. Capital City Bank, 22 N.M. 469, 164 P. 829; Pankey v. Ortiz, 26 N.M. 575, 195 P. 906, 30 A.L.R. 92.

Since title to lands is not involved and will not be until such time appellee seeks to enforce his lien, the action was properly brought in Sierra County. The majority having reached a different conclusion, I dissent.

LUJAN, J., concurs.