Stevenson v. Adams.

---

JOHN M. STEVENSON, Appellant, v. PHILIP M. ADAMS, Respondent.

1. *Mortgages — Verbal agreement to release — Strict proof required.* — A verbal agreement to release a mortgage, to be sustained, should be established beyond reasonable doubt.    Nothing should be left to conjecture, and little to probabilities; and where the evidence on such a point is conflicting, the Supreme Court will not interfere with the judgment of the court below.

*Appeal from Nodaway Circuit Court.*

*Heron & Rea*, for appellant.

*John Edwards*, for respondent.

The counsel on both sides filed elaborate briefs; but as the judgment of the court was based upon other grounds than those discussed by counsel, the briefs are necessarily omitted.

BLISS, Judge, delivered the opinion of the court.

The plaintiff seeks to compel defendant to cancel and surrender a mortgage upon premises purchased, as he claims, under the following circumstances: One Cyrus Williams owned the land, and had given the defendant a mortgage to secure the purchase-money, which was not recorded.   Desirous of selling it to the plaintiff, they went to defendant, who verbally agreed to surrender the mortgage for other security, and told the plaintiff to go on and purchase, as Williams and he had made an arrangement, or come to an understanding, in relation to the mortgage debt, and he would bring him the papers to be destroyed.   The plaintiff then purchased the land, paying principally in other land, and

entered and made improvements ; but defendant failed to surren-der the mortgage, and is seeking to enforce it.

An examination of the record relieves us of the necessity of passing upon the legal questions discussed by counsel, as there is not sufficient evidence to warrant an interference. A verbal agreement of this kind should be established beyond reasonable doubt. Nothing should be left to conjecture, and little to proba-bilities. The testimony of the plaintiff and of those who support him is flatly contradicted by defendant and others, who show that the agreement to surrender was conditional upon being furnished with other security equally good, and that no such security was offered.

Judgment affirmed. Judge Wagner concurs. Judge Adams not present at the hearing.