Alexander v. Cleland.

[No. 1104, June 29, 1906.]

SOFRE L. ALEXANDER, Appellant, v. ANDREW W. CLELAND, Appellee.

### SYLLABUS.

1. A demurrer based on the statute of limitations (Secs. 2916 and 1918 of the Compiled Laws of 1897) where the complaint alleges fraud, is not well taken, where the complaint alleges that "it was not until about the month of July 1902" that the plaintiff learned of the fraudulent claim of the defendant, and the complaint was filed on November 24th, 1903, as the statute of limitations of this Territory provides that actions for relief on the ground of fraud shall be brought within four years, and the cause of action shall not be deemed to have accrued until the fraud is discovered by the party aggrieved.

2. A demurrer based on the statute of frauds, is not well taken unless the complaint shows affirmatively that the contract is an oral one.

3. Parol evidence is admissible to show that a deed absolute on its face is in fact a mortgage.

Appeal from the district court of Bernalillo county, before BAKER, Associate Justice. Remanded.

NEILL B. FIELD, for appellant.

WHERE GROUNDS OF DEMURRER ARE FIXED BY STATUTE THEY ARE EXCLUSIVE.

In this Territory, the grounds of demurrer are fixed by sub-section 35 of section 2685, C. L. 1897.

"Where the causes for which parties may demur to pleadings are fixed by statute, those causes are exclusive and no other grounds of demurrer will be entertained by the court."

> 6 Enc. Pl. & Pr. 309; Renton v. St. Louis, 1 Wash. T. 215; Mayhew v. Robinson, 10 How. Pr. 166; Richard v. Edick, 17 Barb. 262; Hentsch v. Porter, 10 Cal. 558; Campbell v. Jones, 25 Minn. 157; Leuthold v. Young, 32 Minn. 124; Sub-Sec. 35 of Sec. 2685, C. L. N. M. 1897; 6 Enc. Pl. & Pr. 309.

"If a new rule is to be made, the best seems to be, that, where a demurrer is to be overruled for generality, it depends upon the leave of the court, whether the defendant shall put in another demurrer, more limited."

> Story's Eq. Pl. Sec. 460; Baker v. Mellish, 11 Ves. 70; C. L. N. M. 1897, Sub-Secs. 78-96 of Sec. 2685; Story's Eq. Pl. Sec. 460; C. L. N. M. 1897 Sub-Secs. 36, 38 and 39 of Sec. 2685; Chavez v. Myers, 11 N. M. 333; C. L. N. M. 1897, Sub-Sec. 28 of Sec. 2685; Kirkpatrick v. Corning, 39 N. J. Eq. 22, 1 Dan. Ch. 584; Offutt v. Beatty, 18 Fed. Cas. 602, Case No. 10,-448; Hedges v. Dam, 72 Cal. 520; Hainer v. Ia. Legion of Honor, 78 Ia. 245; Poweshiek Co. v. Cass Co., 63 Ia. 244; Morrison v. Miller, 46 Ia. 84; People to use, etc., v. Barton, 4 Colo. App. 455, 36 Pac. 299; Dunbar v. Board of Comrs. 5 Idaho, 407; 49 Pac. 409; Cashman v. Reynolds, 19 N. Y. Civ. Pro. 161; Snyder v. Hearman, 2 How. Pr. 279; Farkas v. Monk. 119 Ga. 515, 46 S. E. 670.

The objection for non-joinder of parties was not well taken.

The court has jurisdiction of separate actions against

each of the adverse holders, and there is no legal compulsion, as a matter of jurisdictional necessity, to the joinder of both parties as defendants in one action.

> William v. U. S. 138 U. S. 516; Beach Mod. Eq. Prac. Sec. 55.

"Every pleading subsequent to the complaint shall be filed and served within twenty days after service of the pleading to which it is an answer, demurrer or reply."

> C. L. N. M. 1897, Sub-Sec. 46, Sec. 2685.

"When a complete determination of the controversy cannot be had without the presence of other parties, the court may order them to be brought in by an amendment of the complaint or by a supplementary complaint and a new summons."

> C. L. N. M. 1897, Sub-Sec. 83, Sec. 2685; Hayden's Exrs. v. Marmaduke, 19 Mo. 403; Litchfield v. County, 18 Ia. 74.

"If they should neglect to raise the question, and to apply for the proper order, the court, upon its own motion, will supply the omission, and will either directly bring in the new parties, or remand the cause in order that the plaintiff may bring them in."

> Pom. Rem. & Rem. Rights (2d Ed.) Sec. 419; C. L. N. M. 1897, Sub-Secs. 38, 46, 60, 76, 83, 98 and 104 of Sec. 2685; Laws of 1901, Chap. XI.; Rule 10 of District Courts; Hayden's Exrs. v. Marmaduke, 19 Mo. 403; Litchfield v. County, 18 Ia. 74; Pom. Rem. & Rem. Rights (2d Ed.) Sec. 419; Harrington v. Miller, 4 Wash. 808, 31 Pac. 325; First Nat. Bank v. Bews, 3 Idaho (Hasb. 486, 31 Pac. 816; O'Connor v. Irvine, 74 Cal. 443; Rhodes v. Dymock, 33 N. Y. Super Ct. (1 Jones & S.) 142.

If it is true that appellee induced appellant to enter into these transactions, it follows that, because of the fiduciary relation in which he stood to appellant, he could not benefit by his own fraudulent conduct, even if there had been in the mind of appellant an intention to defraud his creditors, or to evade the payment of his honest debts.

Alexander v. Cleland.

2 Pom. Eq. Secs. 941-942; Bump. Fraud. Con. p. 448; 1 Story Eq. Jur. Sec. 307; Bigelow on Frauds, p. 295; 1 Beach Mod. Eq. Jur. Sec. 55; Herrick v. Lynch, et al., 150 Ill. 283, 37 N. E. 221; Clemens v. Clemens, 28 Wis. 637.

If there was no creditor to be defrauded, and the conveyance was made because of apprehension as to a liability that did not exist, there is no rule of equity which forbids the grantor to disaffirm, and this is especially true where the grantee induces the conveyance.

Kervick v. Mitchell, 68 Ia. 273; Sanford v. Reed, 85 S. W. 213; Donnelly v. Rees, 74 Pac. 433, 141 Cal. 56; Hutchinson v. Park, 82 S. W. 843 (Ark.); Cowen v. Adams, 78 Fed. 550.

The law does not permit itself to be made the instrument whereby the dishonest and designing betrayers of trust and confidence may despoil those who confide in them.

2 Pom. Eq. Secs. 941-942; Bump. Fraud. Con. p. 448; 1 Story Eq. Jur. Sec. 307; Bigelow on Frauds, p. 295; 1 Beach Mod. Eq. Jur. Sec. 80; Livingston v. Ives, 35 Minn. 55; Herrick v. Lynch et al., 150 Ill. 283, 37 N. E. 221; Clemens v. Clemens, 28 Wis. 637; Sanford v. Reed, 85 S. W. 213; Donnelly v. Rees, 74 Pac. 433, 141 Cal. 56; Hutchinson v. Park, 82 S. W. 842; Cowen v. Adams, 78 Fed. 550; C. L. N. M. 1897, Sb-Sec. 68, Sec. 2685; Brooks v. Martin, 2 Wall. 70; Eldridge v. Sherman, 79 Mich. 484; Hess v. Culver, 77 Mich. 598; Lowell v. R. R. Co. 40 Mass. 24; Carll v. Emery, 148 Mass. 32; Osborne v. Williams, 18 Ves. 378.

W. B. CHILDERS, for appellee.

The agreement, Exhibit A, Transcript page 9, on its face professes to be a final accounting and settlement between the plaintiff and defendant, and it is a contract

Alexander v. Cleland.

within the Statute of Frauds and cannot be varied by
the allegation contained in the complaint, "that there has
never been an accounting and settlement between the
said parties."

Hughes v. Moore, 7 Cranch. 175; 1 Roses
Notes on U. S. Reports, page 501; Darling v.
Butler, 45 Fed. 333; May v. Sloan, 101 U. S.
237; Walker v. Locke, 5 Cush. 90; Randall
v. Howard, 2 Black 285; Moore v. Crawford,
130 U. S. 130.

"The better opinion is, that a written contract falling
within the statute of frauds cannot be varied by any
subsequent agreement of the parties, unless such new
agreement is also in writing."

Swain v. Seamens, 9 Wall. 272; 7 Roses
Notes, page 173; Clark v. Russell, 3 Dallas,
424; Snow v. Nelson, 113 Fed. Rep. 353;
Sawyer v. Post, 109 Fed. Rep. 512; See also,
Barry v. Coombe, 1 Peters 640.

"And all the authorities agree that the acts of part
performance must be such as are referable to the con-
tract as alleged, and consistent with it."

Williams v. Morris, 95 U. S. 457.

In case of a variance between the pleadings and an
exhibit referred to or made a part thereof or on which
the action or pleadings are founded, the exhibit explains
and controls the pleadings. So that this demurrer reaches
the contract.

Wheeler v. McCormick, 8 Blatch. 267;
Fed. cases No. 17,498.

"It is true that the allegations of a pleading are
controlled by the statements of the instrument on which
it is founded."

Avery v. Dougherty, 102 Ind. 443; 2 N.
E. 123, 52 Am. Rep. 680; Hines v. Driver,
100 Ind. 315 and cases cited on page 317;
Beaver v. Baucum, 33 Ark. 722; Murphy v.
Harris, 57 Ill. Appeals 351; Hughes v. Har-
rison, 7 Martins, (La.) 227.

Where a statute provides that the plaintiff shall file

Alexander v. Cleland.

with his declaration a copy of the instrument sued on such instrument becomes a part of the pleading.

Nauvoo v. Ritter, 97 U. S. 389.

Instruments or exhibits on which the action or pleading is founded may be referred to in determining the sufficiency of the pleading.

Friddle v. Crane, 68 Ind. 583; Wells v. Wilcox, 68 Ia. 708; 28 N. W. 29; State v. School District, 34 Kans. 237, 8 Pac. 208; Grimes v. Cullison, 3 Okl. 268, 41 Pac. 355; Pefley v. Johnson, 30 Neb. 529; Lockhead v. Berkley Springs Water Works, etc., Co., 40 W. Va. 553; Mathewson v. Grand Rapids, 88 Mich. 561; 8 Ency. Pl. & Pr. pp. 738-741.

This settlement and accounting cannot be impeached, surcharged or falsified except according to settled rules of law. This is an account settled, and a contract made and duly executed on that contract.

Chappedelain v. Dechenoux, 4 Cranch. 309, 1 Roses Notes, page 292; See, Lockwood v. Thorne, 62 Am. Dec. 81; Note 91; See, also, Story's Equity Pleading, Sec. 800; Ency. of Pl. & Pr. 107; The Statute of Limitations is also set up.

The settlement sought to be impeached was made on July 20, 1898, nearly six years before the filing of this complaint. The statute bars both an action for an accounting, as well as relief upon the ground of fraud, within four years.

Compiled Laws, Sec. 2916, 2918; Moore v. Green, 19 Howard 69-72; Baubien v. Baubien, 23 Howard, 208; 2 Wall. 95; Martin Assignee, etc., v. Smith, 1 Dill. 85.

A party seeking to avoid the bar of the statute on account of fraud must aver and show that he used due diligence to detect it, and if he had the means of discovery in his power, he will be held to have known it.

Buckner & Stanton v. Calcote, 28 Miss. 432, 434; See also Nudd v. Hamblin, 8 Allen (Mass.) 130; Wood v. Carpenter, 101 U. S.

141; Badger v. Badger, 2 Wall. 94; Felix v. Patrick, 145 United States 332.

The question could be raised by demurrer and the demurrer was properly sustained.

Hardt v. Heidweyer, 152 U. S. 547-560; See 4 Roses Notes, page 751; Patterson v. Hewitt, 195 U. S. 309-317; 11 N. M. page 1; Van Weel v. Winston, 115 U. S. 237; Ambler v. Choteau, 107 U. S. 586-590; Voorhees v. Bonesteele, 16 Wall. 16.

"It is too late to object, for the first time, to the form of demurrer in the appellate court."

Aiken v. Bruen, 21 Ind. 137; Kent v. Snyder, 30 Cal. 672.

Special demurrers are therefore not abolished by our code nor are they limited to the language of Sub-Section 35.

6 Ency. of Pl. & Pr. p. 308; Brown v. Martin, 25 Calif. 85; Bliss v. Prichard, 67 Mo. 181.

It is not too late to allege, as error, in this court, a fault in the declaration, which ought to have prevented the rendition of a judgment in the court below.

Slacum v. Pomeroy, 6 Cranch. 225; Pomeroy's Lessee v. Bank, 1 Wall. 600; Blackledge v. Benedick, 12 Ind. 389; First National Bank v. Williams, 26 N. E. 75 (Ind.); Burrows v. Gonzales Co., 5 Tex. Civil Ap. 232, 23 S. W. 829.

The court has power, during the same term in which a judgment was rendered, to set it aside.

Memphis v. Brown, 94 U. S. 715; Phillips v. Ordway, 101 U. S. 745; Bronson v. Schulten, 104 U. S. 410; Doss v. Tyacks, 14 How. 297; Cheong Lee v. United States, 3 Wall. 320.

As from the foregoing opinion it is apparent that the court erred in its first decree, its action in granting a rehearing cannot be condemned; and where a judgment or decree is set aside at the term at which it is rendered, it is as though it had never been.

Alexander v. Cleland.

Henderson v. Carbondale Coal and Coke Co., 140 U. S. 40; Bd. of Commissioners v. Crone, 75 N. E; (Ind.) 828.

The demurrer could be amended.

6 Ency. Pl. & Pr. page 384; 1 Ency. Pl. & Pr. page 632; Hedges v. Dam, (Cal.) 14 Pac. 133; Cashman v. Reynolds, (N. Y.) 25 N. E. 162.

As to what are motions of course and not of course.

14 Ency. Pl. & Pr. pages 93-94.

"A motion simply directing the attention of the court to the case as it is presented in the pleadings and record, in order that the party may have the relief to which he thus appears entitled, need not be in writing."

Palmer v. Jones, 49 Iowa 405; 14 Ency. Pl. & Pr., page 124.

"A standing rule of court, requiring all motions to be in writing, does not apply to motions, of course, made in the progress of a cause."

Johnson v. Adleman, 35 Ill. 265; Reilly v. Wilkins, 67 Ill. App. 104; Benedict v. Cozzens, 4 Cal. 381.

"Judgments may be set aside for irregularities, on motion filed at any time within one year after the rendition thereof."

Sub-Section 137 of the Code; 1 Black on Judgments; Sec. 170; 15 Ency. Pl. & Pr. under the head of Opening, Amending and Vacating Judgments, pages 253-4; Id., pages 257-258; Downing v. Still, 43 Mo. 309, 316; Syme v. Trice, 96 N. C. 643, 1 S. E. Rep. 480.

In Morris v. White, 96 N. C. 91-2, S. E. Rep. 254, it is held that where the decree had not been executed that the appropriate remedy was by a motion in the same case; that the cause was still open. See, also,

Jones v. Kemper, 2 Cranch. (C. C.) 535; Fed. Cases No. 7472; Union Bank v. Critenden, 2 Cranch. (C. C.) 238, Fed. Cases No. 14354; O'Hara v. Baumn, 82 Pa. 416; Claggett v. Sims, 31 N. H. 56; Reed v. Bainridge,

Alexander v. Cleland.

4 N. J. L. 351; Whitehead v. Pecere, 9 How. Prac. 35, citing 2nd Revised Stat. pages 359; Strong v. Strong, 27 N. Y. Supr. Ct. 621; Judd Linseed & Sperm Oil Co. v. Hubbell, 76 N. Y. 543; Bell v. Carroll, 32 Pac. 1060; Dernham v. Lee, 47 N. Y. Supr. Ct. 174; Iba v. Central Assn. 5 Wyo. 355.

The supreme court will not consider questions not raised and passed upon in the court below.

Walker v. Sauvinet, 92 U. S. 93; Bell v. Bruen, 1 How. 169; Marine Bank v. Fulton Bank, 2 Wall. 252; Klien v. Russell, 19 Wall. 433; Edwards v. Elliott, 21 Wall. 532; Wheeler v Sedgwick, 94 U. S. 1; Van Gunden v. Virginia Coal and Iron Co., 52 Fed. 840; Guy v. Ide, 6 Calif. 101; Collins v. Walker, 55 N. H. 437; Cagger v. Lansing, 64 N. Y. 417; Hoag v. Hatch, 50 Hun. 605, 3 N. Y. Supp. 92; Hooker v. Rochester, 59 Hun. 612, 12 N. Y. Supp. 671; affirmed 126 N. Y. 635, 26 N. E. 1043; Pacific Supply Co. v. Brand, 7 Wash. 357, 35 Pac. 72.

### STATEMENT OF FACTS.

The appellant herein, on the 24th day of November, 1903, filed his complaint in the district court of Bernalillo county, seeking to set aside an agreement made between himself and the appellee on the 20th day of July, 1898, by which agreement he agreed to confess judgment in favor of appellee in the sum of $16,614.59, alleging that such agreement was obtained by fraud; that there had never been an accounting between the parties; and that he was never indebted to the appellee in any such sum. He also asked for an accounting with appellee, and asked to be allowed to redeem certain real estate, which he alleged he had conveyed and caused to be conveyed to appellee by deeds, which though absolute in form, were intended to operate as a security for his indebtedness to appellee, and that appellee, at the time of the several conveyances promised and agreed to reconvey the said real estate to him upon payment of such indebtedness. The

Alexander v. Cleland.

complaint also alleges that appellee repudiated the agreement to reconvey, about the month of July, 1902, and thereafter claimed to be the absolute owner of the property described in the several conveyances. The complaint alleges facts showing that a fiduciary relation existed between the appellant and appellee at the time of the making of the agreement of July 20, 1898. The deeds whereby the legal title to the real estate in controversy, was vested in appellee, were made by appellant, by one Herman Burnstein, acting by appellant as his attorney in fact, and by the Albuquerque Real Estate & Improvement Company, by appellant as its president, but the complaint alleges that appellant was the owner, legal and equitable, of all of the property described in the said several conveyances. Appellant offered to pay whatever might be found due to appellee, on an accounting, and prayed that appellee might be decreed to hold the property, described in the several conveyances as trustee for the appellant subject to a lien, for the indebtedness due appellant by appellee, and that upon the payment of such indebtedness, when the amount thereof was ascertained, appellee be required to reconvey to appellant all of said property. The complaint also contains a prayer for general relief.

In December, 1903, appellee filed a motion, asking that appellant be required to file a bond to secure the cost and also a demurrer to the complaint. On March 23rd, 1904, the court overruled the motion for security for costs, and also the demurrer, and gave the appellee leave to file an amended demurrer, and on the same day the amended demurrer was filed. On June 2nd, 1904, the amended demurrer was sustained, and the complaint dismissed on July 13th, 1904, because the plaintiff below, appellant herein had not filed an amended complaint, or any pleading within twenty days after the sustaining of the amended demurrer. On May 25th, 1905, this appeal was taken by appellant.

## OPINION OF THE COURT.

MILLS, C. J.—In this case only four alleged errors are assigned the first and third of which relate to matters of practice and, which under the decision we propose to

render in ,this case it will not be necessary for us to pass upon. The second assignment that the "district court erred in sustaining the so-called amended demurrer filed in ,said cause," necessarily carries with it the fourth assignment of error, that the "court erred in dismissing the complaint," for if error was .committed in sustaining the demurrer as a matter of course the court committed error in dismissing the suit for failure of the appellant to amend the complaint when the demurrer. was sustained.

The principal grounds relied on by the appellee in the original as well as the amended demurrer are the statute of limitations; the statute of frauds—that is that the contract and agreement to reconvey the real estate in controversy was not in writing, and that the complaint does not set out a cause of action.

As to the statute ·of limitations, Section 2918 of the Compiled Laws of 1897, provides that actions for relief on the ground of fraud shall be brought within four years, and Sections 2918 of the same laws provides that: "In actions for relief, on the ground of fraud or mistake, and in actions for injuries to, or conversion of property, the cause of action shall not be deemed to have accrued until the fraud, mistake, injury or conversion complained of shall have been discovered by the party aggrieved."

The words used in these sections seem to us to be as plain as any in the English language. There can be no doubt as to their meaning. The statute of limitations in cases of fraud is four years and the four years begin to run from the time the fraud is discovered by the party aggrieved.

As in this case the complaint alleges that, "it was not until about the month of July, 1902," that the plaintiff learned of the fraudulent claim of the defendant to be absolute owner of the real estate in controversy, it seems to be apparent that the statute did not begin to run "until about the month of July, 1902," and as the complaint was filed on November 24th, 1903, it is within the statutory period, and this ground of demurrer should have been overruled.

It may be well for us to now briefly consider the method of taking advantage of the statute of frauds.

If the complaint shows on its face that the contract sued on is within the statute of frauds, and also shows affirmatively that it is an oral contract, then the weight of authority is that such pleading can be demurred to, on the ground that it shows affirmatively the existence of a valid defense to the contract alleged; but if the contract is pleaded in a manner sufficient to satisfy the common law rules, before the enactment of the statute of faruds, and if it does not appear affirmatively that it is an oral contract, it is pleaded in a manner sufficient to satisfy the statute, and the adverse party must raise the question of the statute of frauds in some way other than by demurrer. A compilation of authorities sustaining these propositions will be found in 2 Page on Contracts, pages 1136 and 1137, notes 2 and 6.

In the case at bar, the complaint sets out that the conveyances in question, "were made at the instance and importunity of the said defendant, and upon the promise of the said defendant, then and there made, that he would account to this plaintiff for the excess of the proceeds of the said real estate over and above the indebtedness of this plaintiff to the said defendant;" but the pleader so far as we have been able to discover from a caerful inspection of the transcript, nowhere states that the promise made by the defendant to account to the plaintiff was made orally or in writing, consequently it does not appear affirmatively from the pleadings that the contract was an oral one, and if it does not so appear, then so far as this ground was concerned the demurrer was not well taken.

The contention of the plaintiff, however, is that the deeds given by him, and those which he caused to be given to the defendant, although absolute on their face, were in reality mortgages and that the defendant promised upon request, (but whether such promise was in writing, or oral, does not appear), to reconvey to the plaintiff the pieces of real estate described therein, whenever the indebtedness of the plaintiff to the defendant should be paid off and discharged.

If this allegation is true, and as to that we express

no opinion, as evidence alone will determine, then the contract for the reconveyance of the realty so conveyed by the instruments which are in form deeds, but in reality mortgages, on payment of the debt to secure which they were given, does not come within the statute since the duty to reconvey exists independent of the contract. 2 Page on Contracts, page 798.

The decision of the Supreme Court of the United States, are uniform in admitting parol evidence to show that an absolute conveyance, is in fact a mortgage, Russell v. Southard, 12 How. 139; Morris v. Nixon, 1 How. 118; Sprigg v. Bank of Mount Pleasant, 14 Pet. 201; Hughes v. Edwards, 9 Wheat. 489; 1st Jones on Mortgages, 4 Ed. Sec. 285.

However created, a lien (and a mortgage is a lien), is not an interest in land, but merely a security for the payment of a debt and a contract to release a mortgage is not within the statute. Seymour v. Mackay, 126 Ill. 341; Brooks v. Jones, (Iowa) 82 N. W. 434; Stevenson v. Adams, 50 Mo. 475; Hemmings v. Does, 125 N. C. 400; Taylor v. Taylor, 112 N. C. 27; Bean v. Bean, 28 S. C. 607.

As the statute of frauds, so far as appears from the record, does not at the present time constitute a valid defense to this action, as by the demurrer the defendant admits the truth of everything in the complaint which is well pleaded, including the allegation that the deeds although absolute on their face were in reality but mortgages, and that the property would be recovered to plaintiff upon the payment by him to defendant of the amount due by plaintiff to defendant, it follows that this ground of the demurrer was not well taken and should have been, overruled.

An examination of the complaint leads to the conclusion that it sets forth a valid cause of action, and that if the plaintiff can prove to the satisfaction of the court by a preponderance of the evidence, the allegations which he sets up in it, that then he would be entitled to a judgment. Of course if the alleged promises to reconvey were made after the execution and delivery of the several deeds of conveyance, then they would come with-

in the limitation of the statute of frauds and objection could be made to the introduction of the evidence concerning such promises or agreements.

We hardly think that anything would be gained by quoting *in extenso* from the complaint filed in this cause, to show that it sets forth a cause of action, and we therefore refrain from so doing. Some matters in it might have been pleaded more fully, but we think that taken as a whole it states a cause of action.

For the reasons given above, the judgment of the lower court is reversed, and the case is remanded to the district court of Bernalillo county, with instructions to overrule the amended demurrer, and for further proceedings, in accordance with this opinion; and it is so ordered.

John R. McFie, A. J., Frank W. Parker, A. J., Edward A. Mann, A. J., W. H. Pope, A. J., concur

Abbott, A. J., took no part in this decision.