105 P.2d 326

### CULLENDER v. DOYAL et ux.
### No. 4484.

Supreme Court of New Mexico.
June 5, 1940.

Rehearing Denied June 5, 1940.

Second Motion for Rehearing Denied Sept. 18, 1940.

E. E. Young, of Roswell, for appellant.

O. E. Little and Lake J. Frazier, both of Roswell, for appellees.

PER CURIAM.

Upon motion for rehearing the original opinion is withdrawn and the following substituted:

BRICE, Justice.

The statement of facts which Section 14 (Sec. 3 of Rule 15) requires to be incorporated in appellant's brief has reference to the facts upon which the case must be determined in this court. An argument upon the evidence, such as appears in appellant's brief under "Statement of Facts" is of no assistance to us. We are bound by the findings of the court unless set aside by us. Wells v. Gulf Refining Co., 42 N.M. 378, 79 P.2d 921; In re White's Estate, 41 N.M. 631, 73 P.2d 316.

It is asserted that the court erred in refusing to adopt as a part of his decision certain requested findings of fact made by appellant. It is asserted in a general way, regarding each of these requests, that it is supported by evidence, but the substance of the testimony bearing thereon is not stated, nor is any reference made to the pages of the record where it may be found. We will not read the whole record in connection with each of these requests to determine whether it was so positively and certainly proved that it became the duty of the trial court to incorporate it in his decision. In no other way could we determine whether the court erred.

It is contended that the court erred in making certain findings of fact, in that they were not supported by substantial testimony. Paragraph 6 of Supreme Court Rule 15 is entirely ignored. It reads: "Assertion of fact must be accompanied by references to the transcript showing a

finding or proof of it. Otherwise the court may disregard the fact.

"A contention that a verdict, judgment or finding of fact is not supported by substantial evidence will not ordinarily be entertained, unless the party so contending shall have stated in his brief the substance of all evidence bearing upon the proposition, with proper references to the transcript. Such a statement will be taken as complete unless the opposite party shall call attention in like manner to other evidence bearing upon the proposition."

To determine the questions presented we would be compelled to search the entire record, which, in view of the rule, we are not inclined to do. Hobbs Water Co. v. Madera et al., 42 N.M. 373, 78 P.2d 1118; Dunn v. Town of Gallup et al., 38 N.M. 197, 29 P.2d 1053. The appellees, however, have copied in their brief evidence which substantially supports the findings of the court attacked here.

■ The appellees filed in the district court a paper entitled "Answer and Supplemental Answer By Way of New Matter," in which they incorporated by reference the allegations in their first amended answer, and followed with allegations of new matter. The appellant objected to the introduction of testimony on any defense incorporated in the supplemental answer by reference to the earlier pleadings, and cites as authority Albright v. Albright, 21 N.M. 606, 157 P. 662, Ann. Cas.1918E, 542, in which we held that a party must restate his entire cause of action or defense in a supplemental pleading, and that all allegations not so carried forward are abandoned. The appellees stated in their supplemental answer "that reference is here made to the first amended answer in this cause, including the answer by way of new matter, and the same is here adopted by the defendants." This preparation of supplemental pleadings is not to be commended. However, appellant did not object to the form of the pleadings and we think under the circumstances it may be said that the incorporation by reference of the allegations of a pleading previously filed is not reversible error where no objection was made to its form.

■ It is asserted that the court erred in overruling plaintiff's motion for judgment at the close of the testimony of the plaintiff and defendants. The record is not cited to establish that such motion was made nor is it copied in the brief. But a search has disclosed that at the close of defendants' testimony a motion of the character named was overruled by the court. If error it was waived by the appellant, who thereafter introduced rebuttal testimony.

The appellant's fourth assignment of error is: "The court erred in its refusal to make conclusions of law as requested by the plaintiff." The nature of these conclusions does not appear from the brief, and only requested conclusion of law No. 2 is mentioned in the argument, regarding which appellant states: "We respectfully

submit that the second requested conclusion of law of the Plaintiff is fully supported by the facts for the reason that the defendants both testified that they refused to pay the note on July 10, for the reason that the Plaintiff requested that interest be paid in keeping with the letter extending the time, and that they refused to pay it."

It is also asserted that "the court erred in its first conclusion of law." This conclusion likewise is not copied in the brief, but it is said that it is in effect "that the plaintiff is entitled to recover the sum of $1700 with interest at 6% from August 24, 1936." The argument then is: "We submit that the plaintiff is entitled to recover the full amount of the note with interest, less the two admitted credits of $26 and $200 and that this is based upon the testimony above referred to, all of which was to the effect that the defendants positively refused for one reason or another, to comply with any of the purported extensions of time, * * *"

The seventh assignment of error is: "The court erred in rendering judgment for the sum of only $1700 with interest from August 24, 1936, and attorney's fees in the sum of only $209.67." The argument is: "The testimony shows positively and conclusively that the judgment is erroneous. And further shows that the judgment should be for the full amount of the note less the admitted credits. * * *"

The assumption has been under each of the last three assignments mentioned that this court will weigh the evidence and determine therefrom whether the trial court erred in rendering judgment; whereas we are bound by the findings of fact in the decision of the court, unless they are set aside by this court, a question foreclosed by previous holdings in this opinion.

We therefore do not pass upon the question of whether the compromise agreement was based upon a sufficient consideration, because not properly presented here for review.

Appellees, by cross-appeal, assigned error as follows: "The trial court erred by finding that cross-appellee was entitled to 10% of $1700.00 and the interest thereon as attorney's fee, and to foreclose the mortgage and to the costs of his suit, and by entering judgment accordingly."

We are not permitted to review the testimony to determine whether the court erred in the particulars stated, because of cross-appellants' failure to comply with paragraph 6 of Supreme Court Rule 15, supra.

The respective motions for rehearing are overruled and the judgment of the district court affirmed.

It is so ordered.

BICKLEY, C. J., and ZINN, SADLER, and MABRY, JJ., concur.

On Second Motion for Rehearing.

BRICE, Justice.

The cross-appellants state that we were in error in holding that they failed to comply with paragraph 6 of Rule 15. That while they did not quote the evidence or refer to the transcript in ·support of the findings, they did by reference to their original brief.

This we find to be correct; and in view of which we have again reviewed the case and conclude the cross-appeal is without merit.

The second motion for rehearing is overruled.

It is so ordered.

BICKLEY, C. J., and ZINN, SADLER, and MABRY, JJ., concur.