253 P.2d 582

**PROVENCIO et al. v. PRICE et al.**

No. 5538.

Supreme Court of New Mexico.

Jan. 20, 1953.

Rehearing Denied March 4, 1953.

Garland & Sanders, Las Cruces, for appellants.

Edwin Mechem, Jess D. Weir and L. J. Maveety, Las Cruces, for appellees.

COMPTON, Justice.

Appellants appeal from a judgment in favor of appellees in an action for specific performance of a contract to sell real estate and to quiet title.

The record discloses that on March 7, 1949, appellant Price and appellees entered into a written contract whereby she agreed

to convey the premises in question to appellees for a consideration of $85,000; payable $17,500 cash, the assumption of an existing indebtedness of $20,000, and the remaining $47,500 payable in nineteen equal annual installments of $2,500, commencing April 7, 1950 and bearing 5% interest, interest payable annually. The contract and a warranty deed from the grantor to the grantees were placed with W. C. Whatley, escrow agent for the parties, until the further sum of $30,000 was paid, after which the warranty deed was to be delivered to the grantees and the remaining balance of $17,500 was to be secured by mortgage on the premises conveyed. Thereafter, on November 30, 1949, at the request of appellant Price, the sum of $2,500 was prepaid on the series of annual installments, leaving a balance of $45,000.

The complaint alleges that subsequently on March 1, 1950, the parties entered into an oral agreement whereby they modified the original contract respecting the time and manner of payment of the balance. It is alleged that appellant Price offered to discount the balance by $17,500, if appellees would accelerate the payments in the following manner: $5,000 on or before March 7, 1950, $12,500 on or before April 7, 1950, and $10,000 on or before two years from March 7, 1950, with interest thereon at the rate of 5% per annum, payable annually. It is alleged the offer was immediately accepted by appellees, and that their accept-ance was duly communicated to her on March 2, 1950. It is further alleged that appellees, pursuant to the oral contract, timely tendered to appellant Price the cash payments and the promissory note in the sum of $10,000 properly secured by mortgage deed. The complaint further charges that on March 3, 1950, appellant Price, assigned her interest in the written contract to appellant Zuendt on the same terms and conditions as theretofore offered appellees and that the assignment was taken by Zuendt with full knowledge of the previous binding contract between appellant Price and appellees.

By answer, appellants plead the Statute of Frauds, failure of consideration, and deny generally the allegations of the complaint as to the modification of the original contract. The cause was tried to the court, sitting with a jury in an advisory capacity. At the conclusion of the hearing, the issues were found in favor of appellees. Judgment was entered accordingly and this appeal followed.

The pertinent findings are:

"7. That the defendant Margaret Hamilton Price, on March 1st, 1950, through the office of W. C. Whatley, attorney, Las Cruces, New Mexico, submitted an offer to the plaintiff, Luis R. Provencio, to modify the contract of March 7th, 1949, by discounting the balance due thereunder in the amount

of $17,000.00, in the following manner: $5,000.00 in cash on or before March 7th, 1950, and $12,500.00, in cash within thirty days from March 7th, 1950, and $10,000.00, on or before two years from March 7th, 1950,—the latter sum to be evidenced by promissory note bearing five per cent interest, and secured by second mortgage lien on the real estate described in the contract of March 7th, 1949.

"8. That J. C. Weir, acting as attorney for Luis R. Provencio, on March 2nd, 1950, tendered to W. C. Whatley, a check of Luis R. Provencio, in the sum of $5,000.00, payable to Margaret Hamilton Price; and that such tender was communicated through W. C. Whatley to the defendant Margaret Hamilton Price, on said day.

"9. That plaintiff Luis R. Provencio, thereafter and within thirty days from March 7th, 1950, tendered and delivered to W. C. Whatley, attorney for the defendant Margaret Hamilton Price, the sum of $12,500.00, represented by a cashier's check, and a $10,-000.00 promissory note, payable to Margaret Hamilton Price, due on or before two years from March 7th, 1950, bearing five per cent interest, together with Mortgage Deed lien securing the payment of such note, all duly executed by Luis R. Provencio and his wife, Albina G. Provencio.

"10. That on March 3, 1950, the defendant Margaret Hamilton Price, individually and as Executrix of the Last Will and Testament of Donald A. Price, deceased, executed and delivered to the defendant W. M. Zuendt a written assignment of the contract of March 7, 1949, which assignment was filed on said date in the office of the County Clerk of Dona Ana County, New Mexico, and duly recorded in Book 25, at page 206, of the Miscellaneous Records of said county.

"12. That the defendant W. M. Zuendt, by and through his attorney Bates Belk, at the time he received and accepted the written assignment from Margaret Hamilton Price, of the original contract on Friday, March 3rd, 1950, had notice and knowledge of the negotiations relating to the offer and acceptance between plaintiff Luis R. Provencio and the defendant Margaret Hamilton Price, referred to in Findings Numbered 7 and 8.

"13. That the $5,000.00 personal check tendered by plaintiff Luis R. Provencio by and through his attorney J. D. Weir, on March 2, 1950, to the defendant Margaret Hamilton Price, by and through her attorney W. C. Whatley if presented for payment would

have been paid, and that the defendant Price did not refuse to accept the $5,000.00 check for the reason that it was not a cash tendered but for the reason that the tender as made to her did not comply with the agreement which she had offered to enter into with the plaintiff Luis R. Provencio.

"15. That at the time of delivery of the $12,500.00, cashier's check, the $10,000.00 promissory note and the second mortgage lien to W. C. Whatley, attorney for the defendant Margaret Hamilton Price, and escrow agent under the contract of March 7, 1949, demand was made by plaintiffs for the surrender to them of the Warranty Deed then in escrow, which demand was refused."

■ It is contended that the court erred in making the foregoing findings of fact, in that they are not supported by substantial evidence. In this regard it suffices to say that an examination of the record convinces us that there is ample evidence, substantial in character, to support the findings.

Whether the contract, as modified, is within the statute of frauds presents a further question for determination. It is argued with much vigor by counsel for the appellants that the claimed oral modification of the contract is squarely within the statute of frauds and may not be enforced because resting in parol. The question of when and under what conditions a contract required by the statute of frauds to be in writing may be modified by a subsequent oral agreement is exhaustively and thoroughly annotated in the following citations: L.R.A.1917B 114, at page 161; 17 A.L.R. 10, at page 36; 29 A.L.R. 1095, at page 1097; 80 A.L.R. 539, at page 540; and 118 A.L.R. 1511, at page 1514. There is divided authority on the subject with the weight appearing to be on the side which requires a writing to modify a contract required by the statute to be in writing absent elements of estoppel resulting in prejudice to the party invoking the claimed oral modification. See Imperator Realty Co. v. Tull, 228 N.Y. 447, 127 N.E. 263, and specially concurring opinion therein by the late Mr. Justice Cardozo.

■ New Mexico cases dealing with the subject, where validity of the oral modification is upheld, seem generally and in truth in every instance to rest upon some element of estoppel disclosing prejudice to avoid the bar of the statute. See Kirchner v. Laughlin, 4 N.M. (Gild.) 386, 17 P. 132; Raynolds v. Staab, 4 N.M. (Gild.) 603, 17 P. 136; Alexander v. Cleland, 13 N.M. 524, 86 P. 425; Kingston v. Walters, 14 N.M. 368, 93 P. 700; Id., 16 N.M. 59, 113 P. 594; Harris v. Hardwick, 18 N.M. 303, 137 P. 581; Vaughan v. Jackson, 27 N.M. 293, 200 P. 425.

In the present case there appears enough in the way of part performance to support an estoppel. The record is satisfying that the initial cash payment of $5,000 called for by the oral modification was made as promised. It was in the form of a check, to be sure, but so far as any objection on the part of Mrs. Price was concerned it was the equivalent of cash. The check was good and has been kept good ever since. It has never been returned nor its return tendered to appellees. The payee, Mrs. Price, was promptly notified of receipt of the check by the escrow agent and indicated in response to request of appellees' counsel relayed to her by escrow agent over long distance telephone that she would be in Las Cruces next day with the abstracts on the property. The next day Mrs. Price assigned to the appellant, Zuendt.

The trial court has found that the offer of Mrs. Price made on March 1, 1950, to discount the balance due under the purchase contract of March 7, 1949, in the sum of $17,500, was accepted by the appellees on March 2, 1950, and the initial cash payment of $5,000 tendered on that date and actually deposited with the escrow agent on March 7, 1950, the date called for by the modified agreement and as well tendered performance through the escrow agent of every other covenant and condition on their part to be performed within the time and in the manner called for by the modified agreement all as shown by the findings made, of which the material ones are quoted hereinabove.

There seems no doubt under the evidence but that Mrs. Price acquiesced in acceptance by the escrow agent of the initial payment of $5,000 on March 2, 1950, and promised to be in Las Cruces the next day with the abstracts, apparently to receive in person the proceeds of said check the urgent need of which forthwith she had shown by repeated calls to Las Cruces over long distance on March 1st and March 2nd, ending with the conversation between her and the escrow agent in which she was notified by him of the acceptance of her offer by tender of the initial cash payment and promised to be in Las Cruces the next day with her abstracts. Can anyone doubt that if Mrs. Price had been present in person and had accepted the initial payment of $5,000 in cash, she would be bound? It truly would be a part performance by the appellees which would deny bar of the statute of frauds. She is bound just as effectively by what transpired. The check paid at the time required under the circumstances is the equivalent of cash.

The evidence seems substantial that appellant, Zuendt, knew of the deal with appellees or was possessed of knowledge of facts charging him with knowledge thereof. He thus stands in Mrs. Price's shoes and his rights are subject to her orig-

inal agreement with the appellees as subsequently modified by the oral agreement to give them the discount found to have been promised by her on the conditions named. From the facts found and the part performance shown, we conclude that the statute of frauds does not bar enforcement of the modified agreement and that the judgment should be affirmed.

The opinion could well be concluded but for the confusion expressed by the parties as to the facts to be incorporated in an appellant's brief as the "statement of facts." The statement of facts required by rule 15, subd. 14(3), our rules of appellate procedure, to be incorporated in an appellant's brief, if the issue is tried to the court, relate to the ultimate facts found in the decision of the court, Cullender v. Doyal, 44 N.M. 491, 105 P.2d 326, which possibly can be better stated in narrative form rather than merely copying the findings into the brief. In causes tried to a jury, only such evidentiary facts as tend to support the verdict, should be incorporated therein as the "statement of facts." The findings or verdict, of course, are conclusive on appeal unless set aside by direct attack.

The judgment will be affirmed, and It Is So Ordered.

SADLER, C. J., and McGHEE, COORS and LUJAN, JJ., concur.