No. 17,084.

PEOPLE EX REL. PLUNKETT *v.* DISTRICT COURT
OF RIO GRANDE COUNTY ET AL.

(258 P. [2d] 483)

Decided May 18, 1953.

Mr. JOSEPH A. MYERS, for petitioner.

No appearance for respondents.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

THIS proceeding was instituted by a petition for relief in the nature of prohibition arising out of a divorce action in which Roberta Plunkett was defendant and one Marvin Plunkett was plaintiff.

The record attached to the petition discloses that in an action entitled "Marvin Plunkett, Plaintiff vs. Roberta Plunkett, Defendant." a verified complaint for divorce was filed in the county court of Rio Grande county on September 25, 1951, service of the summons in said action being had upon defendant therein on September 22, 1951. Subsequently, and on January 15, 1952, defendant filed her answer and cross complaint in the county court, seeking a dismissal of the divorce action and praying for a decree of separate maintenance. Thereafter, on January 15, 1952, defendant filed a motion to transfer the action to the district court of Rio Grande county, which motion was granted January 16, 1952. On January 28, 1952, plaintiff filed his answer to the cross complaint, and thereafter and on May 26, 1952, filed an amended complaint in which, in addition to the ground of cruelty, he charged defendant with adultery. September 4, 1952, the cause came on for hearing, whereupon plaintiff withdrew his complaint and amended complaint; defendant amended her cross complaint seeking a decree of divorce, and plaintiff having declined to plead further to defendant's cross complaint, his default was noted, and the cause proceeded to hearing as a noncontested divorce action, resulting in the court entering its interlocutory decree in defendant's favor on September 4, 1952.

Plaintiff, in paragraph 3 of his complaint in the divorce action, alleged, "That the plaintiff and defendant have been bona fide residents and citizens of the County of Rio Grande and State of Colorado for a period of more than one year immediately preceding the commencement of this action." and defendant, in her answer and cross complaint, "admits the allegations of paragraphs * * * 3, * * * of said complaint."

On the hearing on September 4, 1952, a transcript of which is before us, there was no testimony whatever introduced as to residence of either party in Rio Grande county or the State of Colorado; nevertheless the court entered its findings in the interlocutory decree, "That plaintiff and defendant now are and for more than one year prior to the commencement of this action have been bona fide residents and citizens of the County of Rio Grande and State of Colorado."

On March 2, 1953, defendant filed her motion to set aside the interlocutory decree of divorce, and upon hearing before the court on March 4, 1953, the motion was granted, and in the order setting aside the interlocutory decree is the following:

"2. That the plaintiff's amended complaint heretofore withdrawn by the plaintiff on the said 4th day of September, A. D. 1952, be and the same hereby is ordered and allowed to be refiled, and the defendant's motion to compel the plaintiff to make more specific and certain and to furnish a bill of particulars to the plaintiff's said amended complaint be reinstated and ordered pending at the same time, and the pleadings herein restored to the same state and condition which existed prior to the entry of said interlocutory decree of divorce granted on defendant's cross complaint on September 4, A. D. 1952."

On March 13, 1953, defendant filed her verified motion for a change of venue, basing the same on two grounds, the first of which was: "1. That neither the plaintiff nor the defendant has at any time since their married life began been residents in Rio Grande County; that at the time service was made upon the defendant in said County, the plaintiff and defendant were bona fide residents of the City and County of Denver, State of Colorado, and that defendant was physically present in the County of Rio Grande only while in transit to her home in Denver, Colorado. That this action is brought in this County contrary to and in violation of Chapter 56, Section 6, 1935 Colorado Statutes Annotated, and that the proper

venue of said action is the City and County of Denver, State of Colorado." The other ground upon which said motion is based was the convenience of witnesses.

On April 1, 1953, the court entered its order denying the motion for change of venue, whereupon defendant Roberta Plunkett, on April 28, 1953, filed her petition for a writ in the nature of prohibition.

Section 6, chapter 56, '35 C.S.A., so far as the residential requirement is concerned, has remained unchanged since 1877, and in the opinion of this court in *Branch v. Branch,* 30 Colo. 499, 71 Pac. 632, we had occasion to pass upon a question almost identical to the jurisdictional one here presented and said: "Causes can only be brought in the county where the plaintiff resides or where the defendant resides, or where the defendant last resided. It is a jurisdictional question, and *cannot be waived by the parties.* Unless the residence required by the statute is in some manner shown, *the court is without jurisdiction."* (Italics ours.)

Defendant was sworn and testified at the hearing on her motion for change of venue, and her uncontradicted testimony was that subsequent to their marriage in 1941 neither party to the divorce action had ever resided in Rio Grande county, Colorado, and her positive and uncontradicted testimony is that their only residence in the state of Colorado was in the City and County of Denver.

Except as attention has been called to the allegations of the complaint and the admission in the answer, there is no evidence whatever in the record that since the marriage of the parties hereto either of them has been a resident of said Rio Grande county, and this nonresidence in said Rio Grande county is supported by the defendant's uncontradicted testimony. It is true that in the interlocutory decree the court found, "That plaintiff and defendant now are and for more than one year prior to the commencement of this action have been bona fide residents and citizens of the County of Rio Grande and

State of Colorado." but no testimony to support that finding was introduced; no question asked of any witness as to residence in said Rio Grande county, and defendant's uncontradicted testimony was, under these circumstances, to be credited, and so doing conclusively established that the court lacked jurisdiction for all purposes. When bona fide residence in said Rio Grande county was not established, the court was under a mandatory duty to refuse to hear or grant any motions whatever in the action, and its dismissal must follow.

■ Assuming the bona fide residence of the parties in Colorado for the requisite period of time, the motion for a change of venue (change of place of trial) on the ground of the convenience of witnesses is addressed to the sound discretion of the trial court, and in the absence of a clear showing of abuse of that discretion we will not interfere. There is no clear showing of abuse of discretion disclosed in the present case.

The petition for writ in the nature of prohibition is denied.