388 P.2d 187

Charlene E. BERNSTEIN, Plaintiff-Appellee,

v.

Charles M. BERNSTEIN, Defendant-Appellant.

No. 7307.

Supreme Court of New Mexico.

Jan. 6, 1964.

Sutin & Jones, Julius Wollen, Albuquerque, for appellant.

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Albuquerque, for appellee.

CARMODY, Justice.

This is an appeal from an order modifying the property settlement agreement which had been incorporated in a divorce decree.

To avoid confusion, the parties will be referred to by name. Mrs. Bernstein was the plaintiff below and appellee here, and Dr. Bernstein was the defendant in the trial court and appellant before us.

In October, 1961, Mrs. Bernstein filed suit for divorce against Dr. Bernstein. Although the parties resided in Albuquerque, Bernalillo County, New Mexico, the case was filed in Socorro County, New Mexico. Acceptance of service by Dr. Bernstein was made by his attorney, and, in November, a property settlement was agreed upon, which was incorporated in the decree entered in that month. The property settlement, on its face, contemplated the granting of a divorce to Mrs. Bernstein, the division of the community property, the payment of community debts, and the custody and support of the children. The agreement did provide, however, that Mrs. Bernstein did not waive her rights, if any, to alimony, unless she remarried. Some six months after the entry of the decree, Mrs. Bernstein filed a petition, seeking to have the separation agreement declared void, exclusive custody of the children granted to her, a fixed amount for their support, an amount for alimony, and certain property adjudicated to her. This petition was controverted, and, after a hearing, the trial court entered the order appealed from, which granted to Mrs. Bernstein substantially that which she requested in her motion. As a part of this order, the court made findings, all of which are as follows:

"1. That the plaintiff, in applying for a divorce, acted through a complete mistake of her own relationship with other people and of her husband's relationship with one Robin Gerson whom the Court finds to have been his paramour at all times material herein.

"2. That the resulting situation in which the plaintiff found herself after the true facts of the situation were revealed is one of economic dependence on people other than her former husband, whose duty it is, because of his actions and conduct, to properly supply plaintiff the means for her livelihood.

"3. That the existing decree and property settlement agreement is unfair and inequitable insofar as the plaintiff is concerned, and further provides for a division of the custody of the children in such manner as to be contrary to the paramount welfare and best interests of said children.

"4. That the property settlement agreement and decree of the Court should be amended and modified as more specifically set forth below."

Dr. Bernstein, in his appeal from this order, urges six separate points as relied upon for reversal, but, inasmuch as some are interrelated, we will not discuss all separately.

In his brief in chief, the doctor relies upon our many cases discussing what may be included in the statement of facts in a brief in chief, of which Provencio v. Price, 1953, 57 N.M. 40, 253 P.2d 582, is the most well-known. Based upon this case and others, the statement of facts in the brief consists only of the four findings above set out.

Mrs. Bernstein, in her answer brief, has devoted many pages to a discussion of the evidence submitted to the trial court, in an attempt to bolster the findings as made. There was no cross-appeal taken, and this court is bound by the facts found by the trial court and we will not review the evidence. Provencio v. Price, supra; Cullender v. Doyal, 1940, 44 N.M. 491, 105 P.2d 326; Arias v. Springer, 1938, 42 N. M. 350, 78 P.2d 153; Latta v. Harvey, 1960, 67 N.M. 72, 352 P.2d 649. Therefore, our review, from a factual standpoint, will be based entirely upon the findings as made.

Before considering Dr. Bernstein's attack on the content of the order, we must first dispose of his initial claim of error, which is to the effect that the divorce decree and all subsequent proceedings are void because the case was filed in Socorro County, not in Bernalillo County or any other county where the parties had property. This claim is grounded upon our statute, § 22–7–3, N.M.S.A.1953, which reads as follows:

"Any suit for the dissolution of the bonds of matrimony, division of property, disposition of children, or alimony, as provided for in this chapter [22–7–1 to 22–7–6, 22–7–22], may be instituted in the county where either of the parties resides, or where the property, or some part thereof, affected, or sought to be affected thereby, is located or situated. In such suit, the court shall have jurisdiction of all said property, wherever located or situated in said state."

This particular section is exactly the same as it was when enacted by the territorial legislature in 1901, except the last word originally read "territory" and now appears as "state." It is urged that the words "may be instituted in the county" are restrictive and limit the place in which a divorce action may be filed, as distinguished from being only permissive. In this connection, the section quoted was a part of Chapter 62 of the Laws of 1901, the entire act bearing the title, "AN ACT DEFINING THE PROPERTY RIGHTS AND POWERS OF MARRIED PER-

SONS, PRESCRIBING GROUNDS FOR DIVORCE, AND OTHER MATTERS." The above section was § 24 of this act. Section 22 (which as slightly amended is now § 22–7–1, N.M.S.A.1953) provided that, "The several district courts within and for the Territory [state] of New Mexico are hereby vested with full power and authority to decree divorces * * *"; and following the quoted section appeared § 25 (now § 22–7–4, N.M.S.A.1953, although amended by adding certain other provisions), which provided that the plaintiff "must have been an actual resident, in good faith, of the Territory [state], for one year * * *." It would thus appear that the legislature intended to grant the district courts general jurisdiction over divorce cases, to provide for a minimum residence within the state, and, by § 22–7–3, N.M.S.A.1953, to provide for the venue as to where a case might be filed.

If the quoted statute is jurisdictional, then, of course, it follows that all proceedings were void, and the matter of jurisdiction can be raised in this court for the first time, as it is here. On the other hand, if the statute merely fixed the proper venue, then it is not jurisdictional and may be waived. In this connection, we observe that the general venue statute (§ 21–5–1, N.M.S.A.1953) uses the words, "All civil actions * * * shall be brought and shall be commenced in counties as follows, and not otherwise: * * *." Nevertheless, we have held that venue may be waived unless objection is timely made. Romero v. Hopewell, 1922, 28 N.M. 259, 210 P. 231; Heron v. Gaylor, 1948, 53 N.M. 44, 201 P.2d 366; and cf. Peisker v. Chavez, 1942, 46 N.M. 159, 123 P.2d 726.

There is no question in this particular proceeding but that Dr. Bernstein has waived any right that he might have had to object to the venue—service was accepted; he signed the settlement agreement; he wrote a letter, which is in the court file, supplementing the agreement, and therein specifically noted that the case was filed in Socorro County; and, finally, he participated in the hearing on modification. However, if the very jurisdiction of the court over the cause did not attach, then no action on his part would amount to a waiver, as the parties cannot bestow jurisdiction upon a court by their own acts. Davidson v. Enfield, 1931, 35 N.M. 580, 3 P.2d 979; McCann v. McCann, 1942, 46 N.M. 406, 129 P.2d 646; State Corp. Commission v. Mountain States Tel. & Tel. Co., 1954, 58 N.M. 260, 270 P.2d 685.

There seems to be a definite conflict of authority among the states that have ruled upon the question before us, a substantial majority holding that such a statute is not jurisdictional. Some of the illustrative cases are Osmak v. American Car & Foundry Co., 1931, 328 Mo. 159, 40 S.W.

2d 714; Evans v. Evans, 1940, 141 Fla. 860, 194 So. 215; Smith v. Smith, 1946, 226 N.C. 506, 39 S.E.2d 391; White v. White, 1921, 206 Ala. 231, 89 So. 579. See also 2A Nelson, Divorce and Annulment, 2d ed., 1961 rev. vol., 359, § 21.31, and Anno. 54 A.L.R.2d 898.

There is a respectable minority which holds to the contrary, but our research discloses that most of these jurisdictions base their ruling upon a statute which provides for a fixed period of residence within a certain county, or where the statute itself contains mandatory language such as "shall," rather than what is sometimes termed permissive language, utilizing the word "may"; such as, for example, People ex rel. Plunkett v. District Court of Rio Grande County in the 12th Judicial Dist., 1953, 127 Colo. 483, 487, 258 P.2d 483; Moody v. Moody, 1942, 195 Ga. 13, 22 S.E.2d 836; Dean v. Dean, 1943, 381 Ill. 514, 46 N.E.2d 59; Holt v. Holt, 1925, 253 Mass. 411, 149 N.E. 40.

We take cognizance of the fact that within the personal knowledge of the members of the court, a practice has been followed, rightly or wrongly, for many years, in which divorce cases have been filed and decrees granted where the venue was established and was consented to by the defendants in counties other than that of actual domicile or where the parties owned property. Should it be determined that this is a jurisdictional matter, a cloud would be thrown upon innumerable divorces, subsequent marriages would be questionable, children bastardized, and estates infinitely complicated.

Admittedly, the state has an interest in the preservation of matrimonial status, see Golden v. Golden, 1937, 41 N.M. 356, 68 P.2d 928; Crenshaw v. Crenshaw, 1947, 120 Mont. 190, 182 P.2d 477; Baker v. Baker, 1946, 302 Ky. 396, 194 S.W.2d 825; but we doubt if it is such an interest as would justify a conclusion that the section involved is jurisdictional. We would observe that, in years gone by, there was probably a more valid reason than there is today to require that suits for the dissolution of the bonds of matrimony be filed in a county where the parties were known. The particular statute has been a part of our law for more than sixty years, and this is the first time that this precise question has been raised. Should the legislature, in its judgment, deem it best to require that cases should only be filed in the county of residence or the county where property is owned, it would be relatively simple to amend the statute to so provide.

It would be futile and unduly lengthen this opinion to cite and distinguish the many cases cited by Dr. Bernstein. Suffice it to say that such cases were either decided under a different type of statute than ours, involved facts not comparable, or were based upon a legislative con-

struction and state practice not in conformity with that in New Mexico. See Lehman v. Lehman, 1945, 312 Mich. 102, 19 N.W.2d 502.

■ It is our conclusion that the statute is not jurisdictional. It follows that the divorce and subsequent proceedings were not void and that Dr. Bernstein waived any right to controvert venue.

■ We have not overlooked the claim, made in conjunction with this particular point, that the final decree did not contain the jurisdictional requirement of a finding that the plaintiff was "an actual resident, in good faith." Our response thereto is that no showing has been made which would in any sense be deemed sufficient to overturn the finding contained in the decree that the court had jurisdiction "over the parties, their issue, and the matters contained in the complaint." Cf. McDonald v. Padilla, 1949, 53 N.M. 116, 202 P.2d 970.

Attention is directed to a case not cited in the briefs, i. e., Allen v. Allen, 1948, 52 N.M. 174, 194 P.2d 270, which contains a discussion of the similarity between "domicile" and "residence." However, in the Allen case, the problem before the court was with respect to residence in the state for one year under the constitutional and statutory provisions, not the venue question which is now before us. In the instant case, there is not even any claim that the parties had not resided or been domiciled in New Mexico for the required period.

The other points raised by the brief in chief attack the jurisdiction of the court to modify the property settlement, because, by doing so, the doctor was deprived of property rights awarded in the property settlement and the final divorce decree was res judicata. Although separately stated, error is also claimed because of the failure to make findings of fact which would warrant the court in ordering the modification of the agreement, and in failing to make formal conclusions of law based upon the findings of fact.

A mere reading of the findings as made by the trial court makes it plain that ultimate facts were not found which would warrant the order made by the trial court. The only finding, if it is a finding, which in any sense would justify the court in setting aside the agreement is that part of finding No. 3 which states that "the property settlement agreement is unfair and inequitable," and this finding, by itself, would not justify the order as entered. Incidentally, this particular finding is in direct conflict with the finding appearing in the divorce decree that the agreement "is reasonable and just," although there is no mention of this fact in the order appealed from. Although Mrs. Bernstein urges that a property settlement can be set aside where fraud, duress

or concealment of assets is shown, and with this we agree (Beals v. Ares, 1919, 25 N.M. 459, 185 P. 780), there is nothing in the findings which would indicate the trial court felt such facts were established by the proof.

■ Inasmuch as the order here appealed from fails to contain essential ultimate findings of fact, we have no alternative other than to remand the case in order that the trial court may make adequate findings and conclusions. The doctor would seek to have the case remanded for a new trial entirely, but we do not deem this as necessary, as all of the issues seem to have been litigated. We do have some question, principally because of what is said in findings 1 and 2, as to whether the court was justified in considering certain evidence relating to circumstances prior to the original decree, unless such evidence was for the purpose of showing fraud or duress. However, in view of the remand, we leave these matters to the judgment of the trier of the facts and decline to express an opinion at this time.

The order appealed from will be reversed and the cause remanded to the trial court in order that proper findings of fact and conclusions of law may be made in conformity with rule 52(B), but appearing as § 21-1-1(52) (b), N.M.S.A. 1953. It is so ordered.

NOBLE and MOISE, JJ., concur.